THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* E. MARY CHMIELEWSKI, Defendant.

County Court, Nassau County, October 25, 1934.

*Elvin N. Edwards, District Attorney* [*Philip Huntington, Assistant District Attorney*, of counsel], for the plaintiff.

*Jerome Loewenberg*, for the defendant.

JOHNSON, J.   The defendant was charged with violating subdivision 5-a of section 70 of the Vehicle and Traffic Law in that she left the scene of an accident without reporting the same.   It was charged that the violation occurred in the incorporated village of New Hyde Park, Nassau county, N. Y.   She was arrested and brought before the acting police justice of that village.   Instead of being brought before such acting police justice in the village of New Hyde Park, however, she was brought before him at his office in another village in the same county, namely, the village of Floral Park.   There she was arraigned before him as a Court of Special

Sessions and upon her plea of guilty was adjudged to pay a fine of $250, and to be imprisoned in the Nassau county jail until such fine should be paid, not exceeding sixty days. She paid the fine. This occurred on the 10th day of June, 1934, and within twenty days thereafter the acting police justice of the village of New Hyde Park, sitting as a Court of Special Sessions, filed a certificate of such conviction in the office of the clerk of the county of Nassau, pursuant to the requirements of the statute (Code Crim. Proc. §§ 721, 722 and 723.)

On August 22, 1934, the defendant appealed from such conviction to this court and subsequently moved in this court to cancel of record such certificate of conviction and to remit the fine imposed and paid.

The defendant asserts that her arrest, arraignment, plea and conviction were all a nullity because the court which purported to act was without jurisdiction of her person or of the subject-matter and was in fact no court at all. This contention rests upon the proposition that the acting police justice of the village of New Hyde Park was without jurisdiction to sit as a Court of Special Sessions in the village of Floral Park, and there arraign the defendant and adjudge her guilty of a violation of the Vehicle and Traffic Law committed in the village of New Hyde Park.

A violation of the Vehicle and Traffic Law, section 70, subdivision 5-a, is triable by a Court of Special Sessions. (Code Crim. Proc. § 56, subd. 35, as last amd. by Laws of 1933, chap. 170.)

The police justice of a village is authorized to hold a Court of Special Sessions therein and has in the first instance exclusive jurisdiction to try any misdemeanor committed within such village. (Village Law, § 180.) The board of trustees of a village may designate a police justice residing in the same county as acting police justice of the village, and such acting police justice, during the absence or inability of the police justice to perform his duties, has all the powers and is subject to all the liabilities of a police justice within the village. (Village Law, § 187.)

The violation here in question, therefore, was a violation of which, it having been committed in the village of New Hyde Park, the police justice, or the acting police justice, of that village had exclusive jurisdiction to try as a Court of Special Sessions.

It remains only to determine whether or not such a police justice, or acting police justice, may hold such a Court of Special Sessions outside of the village of which he is police justice or acting police justice. It seems quite clear that he may not. The Village Law, section 182, provides specifically that the police justice of a village " may hold a court of special sessions therein," and his jurisdiction

is confined to violations of law committed within that village. Hence the statute distinctly provides that the police justice must hold his Court of Special Sessions within the village of which he is justice. The acting police justice surely has no broader jurisdiction. Under the provisions of the Village Law, section 187, he has the powers of a police justice " within the village." It follows, therefore, beyond question, that neither the police justice nor the acting police justice may hold a Court of Special Sessions outside of the village of which he is such justice. Indeed the same is true of Courts of Special Sessions held by justices of the peace of towns or cities, the statute specifically providing that such a court must be held by one justice of the peace of the town or city " in which the same is held." (Code Crim. Proc. § 62.)

It follows, therefore, that the arrest, arraignment and conviction of the defendant for a violation of law committed in the village of New Hyde Park before an acting police justice of that village sitting as a Court of Special Sessions in another village, were without jurisdiction and a nullity. Indeed, the district attorney so concedes.

The question is raised, however, as to the method by which the alleged judgment of conviction may be reviewed or the certificate of conviction canceled. I am constrained to hold with the district attorney that the appeal must be dismissed for the reason that it was not taken within the time prescribed by the statute. (Code Crim. Proc. § 751.)

The motion of the defendant in this court for a cancellation of the certificate of conviction and a remission of the fine, however, is directed toward obtaining relief which this court has power to give. The certificate of conviction was filed pursuant to the statute in the office of the clerk of Nassau county. In that respect it is substantially similar to the case of transcript of judgment of a justice of the peace filed in the office of the clerk of the county, pursuant to section 272 of the Justice Court Act. By such filing the judgment of the justice of the peace becomes the judgment of the County Court. It thereby becomes part of the records of that court and is subject to its control. (*Moneyweight Scale Co.* v. *Price*, 92 Misc. 730; *Lowry* v. *Himmler*, 136 id. 215.)

By analogy, therefore, the County Court should have similar control over certificates of conviction filed in the office of the county clerk by Courts of Special Sessions; otherwise a defendant against whom a conviction has been obtained without authority or jurisdiction, and who has failed to appeal within the prescribed time, would be left without remedy. Certainly, where, as here, upon the conceded facts the conviction was a nullity, power to expunge the record of such conviction should and must exist.

Furthermore, power is expressly conferred by statute upon the County Court to remit a fine except in cases where the fine exceeds $250, and has been imposed by the Supreme Court for a criminal offense, and cases where the fine has been imposed for contempt of court. (Judiciary Law, §§ 798, 799 and 799-a.)

The motion to vacate and cancel of record the certificate of conviction and to remit the fine is, therefore, granted.