THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MULNER'S TAVERN, INC., Defendant.

County Court, Nassau County, October 28, 1935.

*Manuel W. Levine* [*Ira G. Goldman* of counsel], for the motion.

*Martin W. Littleton, District Attorney* [*Philip Huntington, Assistant District Attorney,* of counsel], opposed.

HAWKINS, J. This is a reargument of the motion to vacate the certificate of conviction which convicted the defendant of a violation of ordinance No. 12 of the village of Russell Gardens in relation to disturbance of the peace by unusual or improper noise, etc., constituting disorderly conduct.

The law seems clearly settled by the cases cited that a police justice may act in and his jurisdiction only extends to matters within the village limits. Having acted here outside the village, the conviction was a nullity.

Section 182 of the Village Law provides: " The police justice of a village may hold a court of special sessions *therein,* and shall have exclusive jurisdiction," etc.

In *People* v. *Chmielewski* (153 Misc. 386), in a very able opinion by Justice JOHNSON of this court, he held that a village justice cannot act outside the village. In the *Chmielewski* case the defendant was arraigned outside the village. In the instant case the court obtained jurisdiction within the village and later held the trial outside the village. The jury were selected and other proceedings had which leads to the same conclusion — that the conviction was void and a nullity.

The only remaining question is whether a defendant who participates in the arrangements for the trial, fails to appeal, and whose time to do so has elapsed, has waived his right to the remedy he seeks here, or is estopped by such actions upon his part.

The case of *People ex rel. Battista* v. *Christian* (249 N. Y. 314) seems conclusive on this point.

The conviction being a nullity, and a defendant having no power to waive the question of jurisdiction, the motion must be granted.

Submit accordingly.