THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM TELLER, Defendant.

County Court, Monroe County, December 23, 1937.

*Daniel J. O'Mara, District Attorney [Harry Rosenthal* of counsel], for the plaintiff.

*Abbott, Rippey & Hutchens [Harold Hutchens* of counsel], for the defendant.

KOHLMETZ, J. It appears from the papers filed on this motion that on the 13th day of January, 1937, the defendant was placed under arrest on a charge of reckless driving by a private person and turned over to a police officer who delivered him at one of the precinct stations. On the following morning he was arraigned in the City Court of Rochester, Criminal Branch, at which time he entered a plea of not guilty and the case was adjourned for two weeks. The defendant was released on cash bail for his appearance on the adjourned day. At the time of his arraignment he appeared without counsel, but on the adjourned day he appeared with counsel, upon whose advice he pleaded guilty to the charge of reckless driving, whereupon the court suspended the defendant's operator's license for a period of sixty days. No information was ever filed, and the defendant now claims that for that reason the court was without jurisdiction to render the judgment. He neglected to take an appeal within the time fixed by the Code of Criminal Procedure, and now asks for an order from this court vacating and setting aside the judgment of the City Court on the ground that the conviction was a nullity.

In my opinion this court has no power or authority to grant the relief asked for. County Courts are not courts of general jurisdiction, but have only such powers as have been expressly conferred upon them by the Constitution and by the Legislature pursuant to the authority of the Constitution. (*Thomas* v. *Harmon,* 122 N. Y. 84; *Kortwellyeszsy* v. *Manhattan Cooperage Co.,* 162 App. Div. 285.) Section 723 of the Code of Criminal Procedure provides that within twenty days after the conviction the court must cause the certificate to be filed in the office of the clerk of the county. There is nothing in the statute which can be construed to mean that, on the filing of the certificate, the judgment rendered in the City Court becomes a judgment of the County Court. Without an express provision to that effect, I hold that the judgment of conviction does not become a judgment of the County Court upon the filing of the certificate of conviction in the county clerk's office. The defendant cites the case of *People* v. *Chmielewski* (153 Misc. 386) as authority for the proposition that the County Court has power to grant such a motion as has been made in this case. I do not agree with the judge who wrote the opinion in the case cited, that the legal effect of the filing of a certificate of conviction in a criminal case is the same as the filing of a transcript of a judgment in a civil case. He holds that, by the filing of a certificate of conviction, the judgment of the justice of the peace becomes a judgment of the County Court. I do not concur in this conclusion for the

reason that the statute does not so provide. The judgment of the City Court did not become part of the records of the County Court by filing the certificate of conviction. There is, however, an express provision in the law regarding the effect of the filing of a transcript of a judgment in a civil case. Section 272 of the Justice Court Act provides that, upon the filing of such transcript, the judgment is deemed the judgment of the County Court of that county and must be enforced accordingly. The courts have held that if a transcript in a civil case has been filed in the county clerk's office it is subject to all the rules relating to the enforcement of judgments in County Court. No court, outside of the case cited above, so far as I can find, has ever held that judgments of conviction in a Justice's Court shall be deemed judgments of the County Court upon the filing of the certificate of conviction. It cannot be said that because of the ruling that the County Court has no jurisdiction to hear a motion of this kind that the defendant was without a remedy. He might have appealed within the time prescribed by the Code, in which case the question as to the jurisdiction of the City Court to render the judgment might have been determined. In my opinion the County Court has no power to set aside a conviction of the City Court of Rochester, even though it appears that the court had no jurisdiction to render that judgment, unless the question is raised on appeal.

The motion is denied.