In the Matter of the Application of JOHN DORGAN, Petitioner, for an Order Vacating and Canceling of Record a Certificate of Conviction Filed in the Office of the County Clerk of Westchester County, against HAROLD MERCER, County Clerk of Westchester County, Respondent.

Supreme Court, Westchester County, January 2, 1941.

*A. Ladue Whipple, Jr.*, for the petitioner.

*John Krug, Deputy County Attorney*, for the respondent.

PATTERSON, J. This is an application by the petitioner for an order vacating and canceling a certificate of conviction filed in the office of the clerk of the county of Westchester following a plea of guilty by the defendant on an information charging him with the violation of section 973 of the Penal Law in a Court of Special Sessions.

It is conceded that the Court of Special Sessions in this case had no authority to accept the plea of guilty and to impose the sentence, and that the only power the court had was to act as a committing magistrate and hold the defendant for action by the grand jury.

The petitioner addresses his application to the general powers of the Supreme Court. This is resisted by the district attorney, who argues that the only remedy open to the petitioner is an appeal,

the time for which has long since expired. It is his position that neither the County Court nor this court has authority to cancel the certificate of conviction.

There seem to be but three reported cases that have any bearing upon the point here raised, all in a County Court.

The first is that of *People* v. *Chmielewski* (153 Misc. 386). The ruling there held was followed in the case of *People* v. *Mulner's Tavern, Inc.* (157 Misc. 227).

In the *Chmielewski* case the court held that the County Court has the power to vacate and cancel a certificate of conviction on the theory that the certificate of conviction was filed pursuant to statute in the office of the clerk of Nassau county and in that respect is substantially similar to the case of a transcript of judgment of a justice of the peace filed in the office of the clerk of the county, and that by such filing, the judgment of the justice of the peace becomes a judgment of the County Court. The county judge argued that by analogy, therefore, the County Court should have similar control over certificates of conviction filed in the office of the county clerk by Courts of Special Sessions. The trouble with that is, County Courts are not courts of general jurisdiction but have only such powers as have been expressly conferred upon them by the Constitution and Legislature pursuant to the authority of the Constitution.

Section 723 of the Code of Criminal Procedure provides that within twenty days after a conviction the court must cause the certificate to be filed in the office of the clerk of the county, but there is nothing in the statute which can be construed to mean that upon the filing of the certificate the judgment rendered becomes a judgment of the County Court. There is, however, an express provision in the law regarding the effect of the filing of a transcript of judgment in a civil case. Section 272 of the Justice Court Act specifically provides that, upon the filing of such transcript, the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly, but section 723 of the Code of Criminal Procedure, requiring the filing of a certificate of conviction with the clerk of the county, is silent as to any provision that the judgment thereby becomes a judgment of the County Court.

No court outside of the *Chmielewski* case, so far as I can find, has ever held that judgments of conviction in a Justice's Court shall be deemed judgments of the County Court upon filing of the certificate of conviction.

The third case which bears upon the question is *People* v. *Teller* (165 Misc. 448) which holds directly in conflict with the *Chmielewski* case, which is that the County Court has no power or authority

to grant the relief here sought, and that the defendant's only remedy was by an appeal from the judgment of conviction. That may be so, but if it is, and this court has no jurisdiction or authority to cancel the certificate of conviction, then the defendant, against whom the conviction has been obtained without authority or jurisdiction and who has failed to appeal within the prescribed time, is left without a remedy. He had a remedy, a complete and adequate remedy, namely, by an appeal, of which he did not avail himself, but now, after the lapse of two years, moves to be relieved of his delinquency through the medium of this motion.

In none of the many cases which I have examined, dismissing judgments of conviction on the ground that the appeal was not taken within thirty days after the entry of the judgment, is there anywhere an intimation of the power of this court to cancel the certificate of conviction. Indeed, in the case of *People* v. *Rizzo* (246 N. Y. 334) there is an intimation strongly to the contrary, where the court said in the case where four defendants, who were engaged in the commission of a crime, were all tried together and jointly convicted and thereafter a judgment of conviction against the only one of the four who appealed to the Appellate Division was reversed, " If he were not guilty, neither were the other three. As the others, however, did not appeal, there is no remedy for them through the court; their judgments stand, and they must serve their sentences. This of course is a situation which must in all fairness be met in someway," and suggested as the only remedy open to the other defendants an appeal to the Governor to be dealt with by him as seemed proper in the light of the court's opinion.

There was nowhere a suggestion that the relief sought might be through the medium of an order canceling the certificate of conviction.

While the point appears to be novel in this court, and I do so with some misgiving, I hold that the motion must be denied as there is no authority here to cancel the certificate of conviction.