THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HAROLD SOUTHARD, Defendant.

County Court, Special Term, Columbia County, June 23, 1941.

*William F. Christiana, District Attorney,* for the plaintiff.

*Morris J. Zweig,* for the defendant.

INMAN, J. The defendant was convicted of knowingly making a false statement in his application for automobile registration in violation of subdivision 8 of section 70 of the Vehicle and Traffic Law on a plea of guilty at a Court of Special Sessions held December 15, 1940, by Edward E. Brooker, Esq., justice of the peace of the town of New Lebanon. He has paid a fine of ten dollars and his certificate of registration and operator's license have been revoked. He did not appeal from the judgment but has moved for an order

vacating the certificate of conviction on the authority of *People v. Chmielewski* (153 Misc. 386); *People* v. *Tretneck* (175 id. 41), and other cases.

While the motion must be denied the case presents an interesting state of facts and it is quite clear that the defendant would not have been convicted had he elected to stand trial. The information charged in effect that on November 6, 1940, on a public highway in the town of New Lebanon in the county of Columbia, the defendant willfully and knowingly made a false statement in his application for registration in that he signed his name thereto as Lawrence Rathbun while his true name was Harold Southard. The defendant is nineteen years of age; he was reared in the town of New Lebanon under the name Lawrence Rathbun, that being the surname of the family with whom he lived. At the age of eighteen he obtained information in regard to his parentage and learned that his name had been recorded on his birth certificate as Harold Southard. Thereafter he obtained an operator's license under the name Southard. On September 2, 1940, he purchased the registered motor vehicle, the certificate of sale being issued in the name Rathbun, under which name he later registered the vehicle. The date on which application for registration was filed does not appear, but it seems likely that this was done long before the date fixed in the information since the vehicle was purchased in August. The plates numbered 7A7151 were not obtained in Columbia county. It seems unlikely that the application was prepared on a public highway. The common-law right of a person to change his name is well recognized and it is clear that the defendant was known to his neighbors as Rathbun. In a letter to the Commissioner of Motor Vehicles accompanying the record of conviction, the justice of the peace suggested that the defendant had used the name Rathbun either through ignorance or force of habit and expressed the opinion that there was no criminal intent.

While it is morally certain that the defendant did not commit the crime of which he stands convicted, the information sufficiently alleges facts constituting the crime and the defendant has admitted such facts by his plea of guilty. The Court of Special Sessions had jurisdiction of the defendant and of the offense, and a record of conviction can be vacated on motion only when there is lack of jurisdiction rendering the judgment void. The power to vacate certificates of conviction may be compared with the power to sustain writs of habeas corpus. This power was discussed at some length by LEHMAN, Ch. J., in *People ex rel. Carr* v. *Martin* (286 N. Y. 27). It was there said: " A final order or judgment of a court

of competent jurisdiction, though erroneous, is not void if the court had jurisdiction of the person of the accused and jurisdiction to try the charge made against him * * *. The relator's plea of guilty was an admission of the allegations contained in the indictment. It established guilt of the crime charged as incontrovertibly as a verdict of the jury upon a trial where the court made no erroneous rulings of law. * * * Erroneous or not it can hardly be doubted that the court had jurisdiction to decide that question and a judgment based upon an erroneous decision on a question of law made by a court competent to decide such question is not void. * * * The distinction between a void judgment and an erroneous judgment is at times shadowy. * * * In no case has a writ of habeas corpus been sustained by this court where imprisonment is under a final judgment of imprisonment by a court having jurisdiction of the person of the accused and general jurisdiction of criminal offenses * * *. In this case the Appellate Division has in habeas corpus proceedings decided questions of law and of fact which were within the jurisdiction of the trial court, but which were not raised there. The writ of habeas corpus may not be used for such purpose."

An application for an order vacating a certificate of conviction may be granted only if it clearly appears that the certificate is void for the reason that the acts charged do not constitute a crime, or that the court is otherwise without jurisdiction of the person of the defendant or of the offense. The facts shown here would have been important upon a trial and might well lead the Commissioner of Motor Vehicles to restore the certificate and the license, but they do not justify the relief now sought.

Motion denied.