THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALEXANDER PISARZEK, Defendant.

County Court, Schenectady County, June 24, 1942.

*Thomas W. Wallace, District Attorney [Adam Ogonowski, 2d, Assistant District Attorney, of counsel], for the People.*

*William R. Lynes, for the defendant.*

LIDDLE, J. This is an application by the petitioning defendant for an order vacating and canceling a certificate of conviction filed in the office of the clerk of the county of Schenectady, following a plea of guilty by the defendant on information charging him with violating subdivision 1 of section 100 of the Alcoholic Beverage Control Law, in a Court of Special Sessions.

From the moving papers it appears that an information was filed with one Hugh McDougall, a justice of the peace of the town of Duanesburg, Schenectady county, charging the defendant with wrongfully, unlawfully, willfully and knowingly violating said statute. The crime for which the petitioning defendant was convicted is a misdemeanor. The magistrate imposed a fine of $100, which was paid.

Petitioning defendant on an order to show cause moves in this application for the dismissal and vacating of the order of conviction on the ground that the said magistrate had no jurisdiction of the crime as charged and for the further reason or reasons, among others, that the information was insufficient as a matter of law and, therefore, the record of conviction is a nullity.

The district attorney opposes the application on the ground that this court is without power to grant the relief of the petitioning defendant and affirmatively contends that the relief of the defendant is only by review on appeal, " and not otherwise " (See Code Crim. Proc. § 749), from the judgment upon conviction.

There appear to be two judicial schools of thought, however, regarding the power of this court to grant such relief as applied for. County Judge JOHNSON, in *People* v. *Chmielewski* (153 Misc. 386), by his reasoning holds that a record of conviction filed in a county clerk's office becomes a judgment of the County Court and, therefore, the County Court has the power upon proper application to grant the relief of the petitioning defendant.

On the contrary, Mr. Justice PATTERSON of the Supreme Court, in *Matter of Dorgan* v. *Mercer* (178 Misc. 368), and also County Judge KOHLMETZ in *People* v. *Teller* (165 id. 448), both hold that the County Court has no power to grant such relief as the petitioning defendant prays for upon this application. County Courts of the State of New York are not courts of general jurisdiction but have only such powers as have been expressly conferred upon them by the Constitution and Legislature, pursuant to the authority of the Constitution. The petitioning defendant, I find, is guilty of laches in not perfecting his appeal in due time as required by section 751 of the Code of Criminal Procedure.

After a careful examination of these and other authorities as submitted, I am of the opinion that the reasoning as set forth in Mr. Justice PATTERSON's opinion convinces me that the petitioning defendant in the case at bar had a complete and adequate remedy, namely, by appeal, which he did not avail himself of and now, after the statutory lapse of time for his taking an appeal, moves to be relieved of his delinquency through medium of this motion. This court in the determination of other appeals. has held likewise and is struggling to remain consistent with his conscience.

The court having resolved that the County Court is without power to grant petitioning defendant's relief, other questions raised on the motion are not required to be decided.

Motion accordingly denied to cancel the certificate of conviction. Submit order.