THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN WEENINK, Defendant.

County Court, Franklin County, December 15, 1952.

*Cobb, Cobb & Simpson* for defendant.

*Henry A. Fischer, Jr., District Attorney*, for plaintiff.

LAWRENCE, J. By a proceeding in the nature of a writ of error *coram nobis,* the defendant petitioner seeks to obtain an order from this court vacating a judgment of conviction and sentence rendered by the Police Justice of Tupper Lake, New York, for the crime of driving while intoxicated.

It seems that the defendant plead guilty to the crime. He was fined. Later, after the time to appeal had elapsed, he was notified by the Commissioner of Motor Vehicles that his operator's license was revoked. He now claims that the Police Justice did not comply with section 335-a of the Code of Criminal Procedure.

It is, of course, well established that unless section 335-a of the Code of Criminal Procedure is complied with, there must be a reversal upon appeal to County Court.

But here there was neither an appeal nor a proceeding under article 78 of the Civil Practice Act.

The defendant claims that because he may not now appeal, and because the Police Justice has lost jurisdiction, he has the right to seek his remedy by *coram nobis* in this court. He desires to have the County Court conduct a hearing to determine whether his rights under the Code of Criminal Procedure have been violated; and if so, he desires this court to vacate the judgment of conviction in the Police Court.

A certificate of conviction, duly issued by the Police Justice, seems to be, as it should be, on file in the County Clerk's office (Code Crim. Pro., §§ 723–724).

When the writ of error *coram nobis* is before the County Court, its purpose is to advise the County Court of some judicial mistake which the County Court itself has made, in order that the County Court may correct its own records. This is also true of *coram nobis* proceedings in Supreme Court.

It follows that the defendant may not, by writ of error *coram nobis*, secure an order from the County Court vacating the judgment of conviction and sentence of the Police Justice. (*People* v. *McCullough,* 300 N. Y. 107; *People* v. *Wurzler,* 300 N. Y. 344.)

There remains the question of whether the County Court, on a writ of error *coram nobis,* can vacate the certificate of conviction which the Police Justice caused to be filed in the County Clerk's office.

The defendant can present a rather plausible argument on this point. He can urge that the County Court has and should have a general power to vacate a certificate of conviction, such power being similar to that given to the County Court over judgments docketed in the County Clerk's office. The defendant can point out that in some cases County Courts have used such power in other types of proceedings. (See *People* v. *Chmielewski,* 153 Misc. 386, and *People* v. *Mortefoglio,* 56

N. Y. S. 2d 496.) In both of these cases the facts were conceded, and in both of them there was a complete lack of jurisdiction. Note that *Donnelly* v. *McCardle* (14 App. Div. 217) and cases cited in it are Supreme Court cases.

But when it is recalled that the purpose of the writ of error *coram nobis* is to correct a mistake of this court, and when it is clear that this court has made no such mistake, it becomes certain that the certificate of conviction should not be vacated here in a *coram nobis* proceeding.

It should be remembered that the filing of such certificate is a ministerial and not a judicial act, and is to be performed by the Police Justice or his clerk.

The error, if any, was in the Police Court. The records of that court should first be corrected.

If the Police Justice, in a proceeding under article 78, should be ordered to correct his records, appropriate order could be made in the same proceeding relative to the certificate of conviction.

It will be seen from the foregoing that in my opinion, relief should be sought in the Supreme Court, possibly under article 78 of the Civil Practice Act. I am unable to find a sufficiently broad jurisdiction in the County Court to effect the desired result in a proper case. I expect there are basic reasons why this should be so.

If a County Court could conduct a hearing and determine that the Police Justice failed to comply with the statute, the County Court could then vacate and cancel the certificate, but it would be without power to prohibit the Police Justice from filing another. In the meantime, the Supreme Court, with its general original jurisdiction, could conduct another hearing and reach a contrary result.

It seems best for the County Court not to overstep its bounds, at least not until one of the higher courts has pointed the way clearly.

As I hold that the County Court has no power to act under *coram nobis* in this proceeding, it follows that it need not hold a hearing to determine whether or not there has been a compliance with section 335-a of the Code of Criminal Procedure.

The application is accordingly denied on the merits.

Submit order on eight days' notice.