THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* COGAR F. HART, Defendant.

County Court, Wayne County, June 10, 1954.

*Leo G. Hosenfeld* for defendant.

*Joseph A. Haney, District Attorney,* for plaintiff.

TABOR, J.   This is a motion brought by the defendant, Cogar F. Hart, for an order of this court '' nulling, vacating and setting aside the conviction of the defendant herein as evidenced by the certificate of conviction attached hereto and for such other and further relief as may be proper in the premises ''.

It appears that on July 25, 1953, the defendant was navigating an outboard motorboat on Lake Ontario at a point somewhat north of the bar which separates the lake from Sodus Bay. The boat being operated by the defendant was involved in a collision with a boat owned by one George E. Wilson, whose wife, Marion Wilson, was a passenger.   Some injury resulted to the Wilson boat and to Mrs. Wilson.   Shortly after this accident and on the same day, the defendant was arrested and taken before Carl H. Yotter, Esq., a Justice of the Peace of the Town of Huron, in this county, charged with a violation of section 45 of the Navigation Law of the State of New York, which Justice informed the defendant of his rights.   The defendant claims that he pleaded guilty because he has been told that the only purpose of the charge being brought aganist him was to be sure he would pay the medical bill and damage involved.   He now claims that he has been confronted with an exorbitant claim, which however has no bearing upon this motion.

It is the claim of the defendant that the Navigation Law of the State of New York does not apply since the accident occurred on Lake Ontario.   The information or a copy thereof

was not available for the purpose of determining whether the complainant claims this accident actually occurred in Lake Ontario or in the channel which leads from the lake to Sodus Bay. However, the defendant has subsequently been indicted in United States District Court for an alleged crime arising out of the same accident, the indictment alleging that the crime occurred on "navigable waters of Lake Ontario at a point off Sodus Bay". The definition of navigable waters of the State above referred to would appear to not confer jurisdiction even if the accident occurred in the channel, since the channel is not an inland lake or stream wholly included within the State, but merely the term used to designate the area where Lake Ontario and Sodus Bay join. The defendant concedes that his time within which to appeal has long since passed, but claims since the Justice did not have jurisdiction of the offense charged, even though he pleaded guilty, the judgment of conviction is a nullity.

Subdivision 4 of section 2 of the Navigation Law reads as follows: " 4. ' Navigable waters of the state ' shall mean all inland lakes and streams wholly included within the state and not privately owned which are navigable in fact and are not connected by navigable channels with tidewater."

The pertinent provision of section 45 of the Navigation Law and of which defendant has been convicted is a follows: "Reckless navigation of a vessel shall include operating the same in a manner which unnecessarily interferes with the free and proper use of the navigable waters of the state or unnecessarily endangers other vessels therein, or the life or limb of any person."

If the court lacked jurisdiction of the subject matter or of the defendant, its judgment is a nullity and is void and will be so treated when it comes in question either directly or collaterally. (*Kamp* v. *Kamp*, 59 N. Y. 212; *People* v. *Burke*, 72 Col. 486.) A court's judgment is void if it is in excess of the power granted to it by a particular statute although it has jurisdiction over the parties in the matter before it and has the power to act in such a matter. There can be no question of the court's jurisdiction over the person of the defendant if he appeared and entered a plea of guilty. The court will take judicial notice that Lake Ontario is the lower or most easterly of the five great lakes, lying between Canada and the State of New York and that this lake is also connected by a navigable channel with tidewater, the St. Lawrence River flowing from Lake Ontario to the Gulf of Newfoundland. The accident in which

defendant was involved having occurred in the navigable waters of Lake Ontario, which includes the channel area, which is the only area in the lake which boats travel over when about to leave the lake or where they enter the lake if leaving the bay, the Justice under the applicable provisions of the Navigation Law had no jurisdiction. Since the Justice did not have jurisdiction, the judgment entered upon the plea of guilty by defendant is a nullity. " Nevertheless in the actual rendition of the judgment, the court must remain within its jurisdiction and powers. For it is the power or authority behind a judgment, rather than the mere result reached, which determines its validity and immunity from collateral attack. A wrong decision made within the limits of the court's authority is error correctable on appeal or other direct review, but a wrong, or for that matter a correct, decision where the court in rendering it oversteps its jurisdiction and power is void and may be set aside either directly or collaterally." (1 Freeman on Judgments [5th ed.], pp. 733–734.)

While the time of the defendant to appeal has long since expired, this court has control over the certificates of conviction filed in the office of the County Clerk by a Court of Special Sessions. (*People* v. *Chmielewski,* 153 Misc. 386; *People* v. *Mulner's Tavern,* 157 Misc. 227.) A defendant against whom a judgment of conviction has been obtained without jurisdiction and who has failed to appeal within the time prescribed by statute otherwise would be without remedy.

The District Attorney with commendable fairness stated on the argument of this motion that he had no argument which he desired to offer on the law covering this matter.

The conviction being a nullity, and the defendant having no power to waive the question of jurisdiction, the motion must be granted.