Leonard Rubehfeld, J.
Defendants move to suppress evidence seized pursuant to a search warrant on grounds that the warrant was issued without a sufficient showing of probable cause and on the grounds that the warrant was issued by a Judge (Donnally, J.) of the Criminal Court of the City of New York who allegedly lacked “jurisdiction to issue search warrants for suspected crimes being committed outside the City of New York Defendants also move for the disclosure of any wiretap orders or transcripts affecting them.
The affidavit upon which the warrant was based provided, the issuing Magistrate with proof from which he could reasonably find a sufficient showing of probable cause (People v. Fino, 14 N Y 2d 160, 163). The affiant states that confidential information was received to the effect that the defendants are engaged in a large scale conspiracy to sell and transport narcotic drugs in large quantities to various people in the metropolitan area and that one of the defendants has a large quantity of narcotics in his house at 37 Winchester Avenue in Yonkers and that he was taking part of it to an apartment on Valentine Avenue in The Bronx where defendants would store, cut and package the narcotic drugs.
There was a substantial basis for crediting the hearsay statements in the affidavit inasmuch as they were those of an informant who had previously provided information leading to three arrests and convictions and the hearsay statements in the *501 affidavit were corroborated in part by the affiant’s own investigation and check of the information. (See, e.g., People v. Schnitzler, 18 N Y 2d 457; People v. Coffey, 12 N Y 2d 443.) Moreover, the affidavit contained some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were (cf. Aguilar v. Texas, 378 U. S. 108, 114— 115; Spinelli v. United States, 382 F. 2d 871, cert, granted 390 U. S. 942; People v. Montague, 19 N Y 2d 121).
With respect to the contention that a Judge of the Criminal Court of the City of New York lacked jurisdiction to issue a warrant for the seach of premises in Yonkers, defendants point to section 31 of the New York City Criminal Court Act which provides that: “ The court and the judges thereof, except as otherwise provided in this act, shall have jurisdiction with respect to crimes and offenses committed within, the city of New York ” (emphasis added). It must be recalled, however, that the papers supporting the warrant allege that the defendants were engaged in a conspiracy involving overt acts committed both in Westchester County and in New York City and that the courts of both the city and the county have jurisdiction over that alleged crime (Code Crim. Pro., § 134; Penal Law, § 105.25; People v. Glubo, 5 A D 2d 527, 544, affd. 5 N Y 2d 461).
In addition, section 31 of the New York City Criminal Court Act deals with the jurisdiction of that court to “ hear, try and determine ” certain misdemeanors and lesser offenses (subds. 1, 2) and does not purport to limit the power of a Judge or Magistrate to issue a search warrant pursuant to section 791 et seq. of the Code of Criminal Procedure (see N. Y. City Crim. Ct. Act, § 30; cf. People ex rel. Kenney v. Cornell, 6 Misc. 568). Section 810 of the Code of Criminal Procedure provides that the ‘ ‘ judge, justice or magistrate shall transfer the warrant and accompanying papers to the court having trial jurisdiction” over an offense involving the seized property.
The only territorial limitation specifically imposed is that contained in section 796 of the Code of Criminal Procedure which provides that the warrant shall be issued by the Judge, Justice or Magistrate to a “peace officer in his county” or, as was done in the case at bar, to a “ peace officer in the city of New York”. The warrant may then be executed by the peace officer outside of the county or city in which the warrant was issued. (See Code Crim. Pro., §§ 792, 798; Second Class Cities Law, § 142, Curtiss, Extraterritorial Law Enforcement *502 in New York, 50 Cornell L. Q. 34.) See also sections 155, 304 and 478 of the Code of Criminal Procedure which provide for the execution of arrest and bench warrants without requiring any indorsement by a Magistrate in the county where executed.
With respect to defendants’ request for an order directing disclosure of any wiretap orders or transcripts, the District Attorney states in his affidavit (and will be bound by his statement) that the indictment was not based on information obtained as a result of eavesdropping. The motion is denied in all respects.