John V. Vaughn, J.
A search warrant was issued by John J. Bob, Village Justice, Bellport, New York on August 25, 1968 authorizing a search of the premises situated in Patchogue, New York. The affidavit submitted in support of the search warrant was executed by Detective David L. Brown, attached to the Suffolk County Police Department. No issue is raised by defendant as to the veracity of the affiant police officer. The defendant’s motion to suppress is grounded on the following contentions:
1. There was insufficient probable cause to authorize issuance of the search warrant.
2. That the Village Justice Court lacked jurisdiction to issue the warrant.
The affidavit of the police officer clearly states that the information was derived from “ a reliable and confidential source ”, which ‘ ‘ has led to the arrest and conviction of persons engaged in the crime of the possession and sale of narcotic drugs in the past ”. Thus the first prong of the test as to reliability of an informer is clearly satisfactory under the rules set forth in Spinelli v. United States (393 U. S. 410).
The personal independent observations by the police officer as stated in the affidavit consist of the following: ‘ ‘ surveillance by this detective on August 19,, 1968, August 22, 23, 24, 25, 1968 during the hours of daylight and darkness, where the suspect was seen entering the residence with known addicts and users of narcotic drugs.”
The court finds that independent observation of the affiant police officer when taken together with the information which he averred he received from reliable informants constitutes a substantial basis for the Magistrate to conclude that narcotics were probably located in the defendant’s apartment. (People v. Hendricks, 25 N Y 2d 129; People v. Metze, 21 N Y 2d 806.)
This court finds that there was sufficient probable cause to authorize the issuance of a search warrant.
With respect to the second grounds raised by the defendant, the court finds the warrant was issued by the Village Justice of the Village, of Bellport. The affidavit in support of the warrant indicated that the crime was being committed in Patchogue, which is outside the village limits. Thus the defendant argues that the court lacked jurisdiction to issue the warrant.
*39 It is well established that a Village Justice does not have jurisdiction to try a criminal charge which was committed outside the territorial jurisdiction of the court (Village Law, § 182; People v. Humphreyville, 51 Misc 2d 359; People v. Mulner’s Tavern, 157 Misc. 227).
It is only if there is a distinction between a Magistrate’s power to issue a search warrant and his power to try a case that the present warrant may be upheld. I believe there is such a distinction. In reaching this conclusion I note that even the statute authorizes the Village Justice to issue an arrest warrant for a crime committed outside the village limits but requires that the arraignment and all future proceedings be held before a court having jurisdiction (Village Law, § 182).
The question presented to this court was considered and discussed in People v. DeMaria (58 Misc 2d 500). In that case a Criminal Court Justice issued a search warrant to search premises located outside the territorial jurisdiction of the court. The court rejected the defendant’s argument that it lacked jurisdiction since the affidavits alleged a conspiracy alleging acts both within and without the City of New York. However, the court further indicated that there were no restrictions contained in the Code of Criminal Procedure pertaining to the issuance of a search warrant except that it be issued to a peace officer within the county.
I agree with that court’s determination. The provisions pertaining to the issuance of a search warrant .are contained in Part VI of the Code of Criminal Procedure captioned “ Of Special Proceedings of a Criminal Nature ” and not in part I of the Code which is captioned “ Of the Courts Having Original Jurisdiction in Criminal Actions ”. There is apparently a distinction between an “ action ” and a “ proceeding ” under the Code (Code Crim. Pro., §§ 5 and 962). The only requirement in the Code is that the warrant be signed by a Magistrate (Code Crim. Pro., § 791) and a Police Justice of a village is a Magistrate (Code Crim. Pro., § 147). The only territorial limitation placed upon the issuance of a warrant is that it be issued to a “ peace officer in his county” (Code Crim. Pro., § 796). This conclusion is supported by the language of the Code which further provides that the issuing court will transfer the warrant and accompanying papers to the court having trial jurisdiction (Code Crim. Pro., § 810). The proposed Criminal Procedure Law provides that a search warrant issued by a village court may be executed anywhere within the county but does not specifically state that the issuing court must have jurisdiction of the crime being investigated (CPL 690.20).
*40 It is true that a Police Justice has only that jurisdiction specifically conferred by statute (Code Grim. Pro., § 74) and that the statutes do not specifically confer jurisdiction upon the village court to issue search warrants (Village Law, § 182). Moreover, the same statute does specifically confer jurisdiction over two other proceedings of a criminal nature contained in part VI of the code (Village Law, § 18-2). If we were to construe this failure to include search warrants to mean lack of authority to issue the search warrant in question then the Village Justice could not even issue a search warrant in a case over which he had trial jurisdiction since there is no other authority to do so. On the other hand, the Village Law provides that a Police Justice may hold a Court of Special Sessions in the village and this should be interpreted to mean the power to issue search warrants which is present in all said courts.
While this conclusion gives the court power to issue a search warrant where it does not have trial jurisdiction, the only alternative would be to read into the statute a restriction, which while logical, is not found within the language of the Code provisions dealing with search warrants (See Code Crim. Pro., §§ 791-813).
The motion to dismiss on both of these grounds is denied.