Obmaitd N. Gale, J.
The defendants were arrested by members of the Syracuse Police Department and the New York State Police on January 14, 1970 in the immediate vicinity of the Hancock Airport. The defendants were thereafter charged in the City Court, City of Syracuse, Criminal Division, for violation of section 220.20 of the Penal Law: criminal possession of a dangerous drug in the third degree, a felony.
The defendants had been arrested after a search warrant was issued from the Syracuse City Court which stated as follows:
“ To any Peace Officer in the County of Onondaga. Proof, by affidavit, having been this day made before me, by Lt. Harold Seib that there is probable cause for believing that * * *
The dangerous drug Cannabis may be concealed in a package described as follows: Marked shipper — Jane Mills, 142 Buchannon, San Francisco, California — Consignee — Reinhart Straub, Hancock Field, Syracuse, New York (Air Bill Number #001-SF020731531) marked food stuff. This in violation of Section 220.05, 220.10, 220.15, 220.20, 220.25 and 105.10 of the Penal Law of the State of New York. You are, therefore, Commanded at any time of the day or night to make immediate search of The aforementioned package, in the building situated, viz: in the City of Syracuse, County of Onondaga, N. Y., for the following property: The dangerous drug marihuana a substance containing cannabis, and all containers for/used in the possession of this dangerous drug”.
It appears that the package referred to in the search warrant was the same package which was picked up by the defendants at the airport and the arrest was made as they were departing from the airport by automobile. At the time of the arrest, the package was found in the automobile.
Defendant Reinhard W. Straub by his attorney, Paul R. Shanahan, and defendant Ronald F. Stinson by his attorneys, Lowery & Mancuso (J. Richard Sardino and Frank Ventre, Jr., of counsel) make this motion to suppress evidence acquired as a result of the search warrant.
The Syracuse Municipal Airport, known as the Clarence E. Hancock Airport, is owned by the City of Syracuse and is located in the Towns of DeWitt, Salina, Cicero and Clay in the County of Onondaga, N. Y. (Revised General Ordinances of City of Syracuse 1961, ch. 3, art. 1).
*382 Prior to the enactment of the Uniform City Court Act, the applicable statutory enactments were as follows:
Section 50 of the Syracuse City Court Act (L. 1962, ch. 513, eff. Sept. 1, 1962, as amd.) provided that the criminal jurisdiction shall extend to charges of crimes and offenses committed within the territorial limits of the city.
Section 51 of the Syracuse City Court Act also provided that the court shall have jurisdiction of cases of adults “ and as to them shall have the jurisdiction and power conferred upon the police courts by the second-class cities law”.
Section 183 of the Second Class Cities Law states that the police court shall have the power and jurisdiction conferred upon Courts of Special Sessions by section 56 of the Code of Criminal Procedure.
Section 56 of the Code of Criminal Procedure provided that subject to certain restrictions, Courts of Special Sessions have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors, offenses, violations of ordinances and infractions committed within their respective counties.
Section 51 of the Syracuse City Court Act extended traffic law jurisdiction in cases involving violations of State laws, city ordinance and regulations of the Commissioner of Public Safety or the Commissioner of Aviation pertaining to traffic, when said violations or offenses are committed within the City of Syracuse or within or upon any real property owned or leased by the City of Syracuse.
Section 52 of the Syracuse City Court Act indicated that the Code of Criminal Procedure applied to the Syracuse City Court to the extent allowed in the above-cited provisions of sections 50 and 51 of the Syracuse City Court Act.
Therefore, prior to the enactment of the Uniform City Court Act (eff. April 1, 1965) criminal jurisdiction was limited to the territorial limits of the city, but for certain criminal matters, this jurisdiction appeared to be somewhat broader; and traffic territorial jurisdiction was permitted on the premises of the Hancock Airport. Subsequently, the Attorney-General (1967 Atty. Gen. [Inf. Opns.] 70) indicated that City Court Judges as Courts of Special Sessions have powers granted under section 56 of the Code of Criminal Procedure and under section 2001 of the Uniform City Court Act.
However, the Laws of 1967 (ch. 681, § 8) repealed section 56 of the Code of Criminal Procedure effective Sept. 1, 1967. Thus, with the repeal of the Syracuse City Court Act, and section 56 of the Code of Criminal Procedure, the only governing statutory language is found in the Uniform City Court Act.
*383 Section 2001 of the Uniform City Court Act provides: ‘ ‘ Each of the judges of the court may sit as a court of special sessions, and as such shall have original jurisdiction of all misdemeanors committed at any place within the city; and, sitting as a magistrate, he shall also have jurisdiction of all offenses of a grade less than misdemeanor committed at any place within such city ”.
People v. Niven (35 A D 2d 174, 175) is the controlling case law: “ Absent any other statutory provision, we conclude that a City Court Judge has limited jurisdiction and has no authority to issue a search warrant to be executed outside the city unless it appears that a crime has been committed within the city limits and the property to be seized is connected with the crime.”
Since it appears that no crime has been committed within the City of Syracuse (see .search warrant and underlying papers referred to, supra), this court is required to conclude that a City Court Judge does not have jurisdiction to issue a search warrant for property located at the Hancock Airport. We do not reach the other issues raised by the parties respecting the search warrant herein.
Defendants’ motion for suppression of evidence obtained by the use of the search warrant is granted.