Thojjas Alo'i, J.
The defendant, joined in this motion by his codefendants, has moved this court for an order to suppress the use of evidence seized under a search warrant issued by a Town Justice of the Town of Clay, to search for ‘ ‘ property, the possession of which is unlawful, consisting of cannabis in various forms ”. The property alleged to have been unlawfully possessed was situated in the Town of Cicero, New York, with no connection with the Town of Clay.
There are other grounds raised on the action which are not considered here, since it appears to this court that the motion must be granted on jurisdictional grounds.
The applicable portions of the Uniform Justice Court Act, as it applied to the instant case on August 16, 1971 (the date the search warrant was issued) are sections 2001 and 2005. Section 2001 (subd. [a]) is the single statutory provision that governs the criminal jurisdiction of a Town Justice: “ The court shall be a court of special sessions and shall have original jurisdiction of all misdemeanors and of all offenses and violations of a grade less than misdemeanor, including traffic infractions, committed at any place within the municipality.” (Emphasis the writer’s.)
It is noted that the present section 2001 of the Uniform Justice Court Act now incorporates by reference the geographical jurisdictional provisions of the Criminal Procedure Law found there in article 20.
No other statutory provision confers original criminal jurisdiction upon a Town Justice, although section 2004, since *759 repealed, at that time stated: “ Sitting as a magistrate, as defined by the code of criminal procedure, each justice of the court may hold court within the municipality for the examination of persons charged with the commission of a felony within the county.”
The question to be decided here is a different question, for which a different section of the law has been promulgated by the Legislature. Section 2005 of the Uniform Justice Court Act, still in effect, states: ‘ ‘ The court shall have the power and jurisdiction to send processes and other mandates in any matter of which it has jurisdiction into any part of the county or any adjoining county ”. (Emphasis supplied.)
A search warrant comes as a matter of law within the terms “ process and other mandates”. (See CPL 690.05, subd. [2], and Code Crim. Pro., § 791.)
It should be noted that section 2005 of the Uniform Justice Court Act has application once the Justice Court has jurisdiction of the matter. The evident purpose of the section is to allow the court the power to make orders necessary and incidental.to its power to determine the matters over which it has express jurisdiction. That such power was granted in the limited case of mandates necessary to trial jurisdiction seems to this court to imply a general understanding that Justice Courts may act only within their jurisdictional limitations in the issuing of search warrants. ‘
The District Attorney argues that the case decided by the Onondaga County Court (People v. Stinson, 65 Misc 2d 380) was incorrectly decided, as was the case of People v. Niven (35 A D 2d 174). Both of those cases dealt with sections 2001 and 2005 of the Uniform City Court Act, which are conceded by the District Attorney to be identical in all pertinent respects with the same sections of the Uniform Justice Court Act quoted above.
The District Court of Suffolk County, First District, arrived at an opposite conclusion, in a decision (People v. Roberto, 64 Misc 2d 37) which stated (at p. 39) quoting People v. DeMaria (58 Misc 2d 500): “ However, the court further indicated that there were no restrictions contained in the Code of Criminal Procedure pertaining to the issuance of a search warrant except that it be issued to a peace officer within the county.”
Section 796 of the Code of Criminal Procedure is cited for the proposition that there is no territorial limitation placed upon the issuance of a warrant other than that it be issued to a ‘ ‘ peace officer in his county ’ ’.
*760 Section 796 deals with the standards on which a warrant is issued and the mechanics of its issuance. The section has no relevance to questions of the court’s jurisdiction of criminal matters. Nor do the other sections dealing with the procedure for issuing search warrants. There appears no indication in the statutory scheme governing search warrants as stated in the Code of Criminal Procedure that these sections are intended to extend or enlarge the original limited jurisdiction of the Justice Courts beyond that expressly conferred by the Uniform Justice Court Act, as stated in section 2005.
Nor do we read section 182 of the Village Law, extensively discussed in People v. Roberto (supra) to hold differently. It provides authority for the issuing of warrants for the arrest of a person charged with the commission of crime in a county, but no mention is made of any provision for the issuing of search warrants. Clearly, the Village Law as it is applied by the Village Justices, is subject to the provisions of the Uniform Justice Court Act (§ 2300, subd. [b], par. 1, cl. [ii]).
Thus, it appears that the case of People v. Roberto (supra) was incorrectly decided, ignoring as it did the provisions of the applicable Uniform Justice Court Act which was binding on that particular Village Court.
Furthermore the decisions in People v. Stinson (supra) and People v. Niven (supra) mandate the decision in this case. The Niven decision by the Appellate Division, Fourth Department, certainly has binding force on this court.
For the above reasons, it is the finding of this court that the Justice Court of the Town of Clay was without jurisdiction to issue a search warrant where the alleged underlying crime was committed in the Town of Cicero. The motion to suppress evidence seized under the warrant must, therefore, he granted.