William J. Burke, J.
The defendant, Robert E. Beard, has made several motions wherein he has requested the following relief:
1. Suppression of certain personal property seized pursuant to a search warrant;
2. Granting of a discovery order;
3. Vacating of the notice of intent to use identification evidence served upon the defendant’s attorney.
As to relief requested in 2 and 3, upon the hearing of this motion, the matters concerned therein were resolved and need not be discussed any further in this decision.
The defendant herein attacks the validity of the instant warrant upon the following grounds:
1. That the issuing court did not have jurisdiction to issue the instant warrant;
2. That there were no allegations in the application establishing reasonable grounds to authorize a search beyond the times specified in subdivision 2 of CPL 690.30;
3. That there was no basis for designating defendant’s trailer as a place to be searched;
4. That there was no basis for authorizing the seizure of a “ brown carpet ”, located within the trailer.
The facts, briefly stated, indicate that a search warrant was issued by a Village Justice in the Village of Baldwinsville *928 directing the village police to execute a warrant and to search a green and white camper trailer parked in a driveway of a house located in the City of Syracuse. The basis for the search warrant application stemmed from the allegation of a female complainant that she was raped in said trailer; said allegation being the basis for the present indictment pending against these defendants wherein they are charged with the crime of rape in the first degree and sexual misconduct.
The jurisdictional issue raised upon this motion has created a conflict of authority in the New York courts under the former Code of Criminal Procedure. The Code of Criminal Procedure in section 796 provided that a search warrant was to be issued by the Justice or Magistrate to “ any peace officer in his county ”. As a result of said language, several decisions held that the local Justice had jurisdiction to issue a search warrant to search premises anywhere within the county regardless of whether he had geographical jurisdiction over the underlying crime. (See People v. Roberto, 64 Misc 2d 37 and People v. De Maria, 58 Misc 2d 500.) However, contrary to that view several Fourth Department cases (People v. Niven, 35 A D 2d 174, affd. 29 N Y 2d 947; People v. Stinson, 65 Misc 2d 380 and People v. Abdo, 68 Misc 2d 758) held that in order for a court to issue process anywhere in the county, the underlying crime must have been committed within that court’s geographical jurisdiction.
The Appellate Division, Fourth Department, in People v. Niven (supra) affirmed a decision of the Erie County Court wherein a search warrant was invalidated because it was issued by the City Court of the City of Buffalo to conduct a search outside the city where no crime had been alleged to have been committed within the city.
The court stated (p. 175): “ The Judge of the Buffalo City Court did not have authority to issue this warrant for evidence outside of the city limits and relating to a crime which occurred wholly outside the city limits, as opposed to a situation where a warrant is issued to search for evidence of a crime committed within the city but which evidence is located outside the city and within the court’s mandate jurisdiction under section 2005 of Uniform City Court Act.”
The court in People v. Abdo (supra) following the Niven case, held that property seized pursuant to a warrant issued by a Town Justice in the Town of Clay, for a crime committed solely in the Town of Cicero must be suppressed because of the lack of jurisdiction over the underlying crime by the Town of Clay Justice.
*929 That court also noted that the present section 2001 of the UJCA now incorporates by reference the geographical jurisdictional provisions of the CPL (art. 20), and further that section 2005 of the UJCA clearly limits the issuance of a court’s processes and mandate to matters over which it has jurisdiction.
The present section of the UJCA applicable in the instant case reads as follows:
§ 2001. Criminal Jurisdiction Procedure.
“ (1) The court shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.
“ (2) Unless otherwise specifically prescribed, the practice and procedure in the court shall be governed by the criminal procedure law.”
§ 2005. Further Powers of Judges’ Process and Mandate. ‘1 The court shall have the power and jurisdiction to send processes and other mandates in any matter of which it has jurisdiction into any part of the county or any adjoining county, for service or execution, as provided by the criminal procedure law ”. (Emphasis added.)
In reference to the terms, process and mandates, the issuance of a search warrant is clearly a court order and process. (See CPL 690.05.)
Therefore, pursuant to section 2001 of the UJCA, reference to the CPL must be made to determine when in fact a particular local criminal court has jurisdiction over a particular offense. In referring to article. 20 of the CPL and in particular section 20.50, we find there a delineation of the various rules applicable in determining what local criminal courts within a county have jurisdiction over any particular offense.
As to subdivision 1 of section 20.50, the Legislature has incorporated by reference where appropriate the principles of section 20.40 as that relates to the determination of jurisdiction as between counties within the State. And in subdivision 2 of section 20.50 as in a similar section 20.40 (subd. 4, par. [c]), the Legislature indicates where a crime is committed within 100 yards of any town, village or city, except New York City, such crime may be prosecutable in either such political subdivision. Therefore, in reference to the instant case, and in accordance with section 20.50, it is apparent that the Village Court did not have jurisdiction over the offense in that it was committed solely within the City of Syracuse and, furthermore, under the instant facts, does not fall within the rules referred to in sections 20.40 or 20.50. It is also interesting to note that pursuant to CPL 100.55, wherein it is set out in what courts *930 accusatory instruments may be filed in subdivision 5 thereof, the Village Court has jurisdiction of offenses below the grade of a felony only if committed' within the village and under subdivision 6 ‘ ‘ a felony complaint may be filed with any town court or village court of a particular county when a felony charged therein was allegedly committed in some town of such county.” This would seem to indicate that a felony complaint could not be filed with the Village Court when the felony was committed within a city of a particular county. (See CPL 100.55, subd. 3.) Consequently, the Village Court in the present case would not even have jurisdiction to issue an arrest warrant for the felony charged in the present case. (See CPL 120.30 and 130.20 as that relates to the issuance of a summons.)
The District Attorney contends herewith in essence that article 20 of the CPL is not applicable to the determination of what courts can and cannot issue warrants, but looks to subdivision 1 of CPL 690.05 which states: ‘ ‘ Under circumstances prescribed in this article, a local criminal court may, upon application of a police officer, a district attorney or other public servant acting in the course of his official duties, issue a search warrant.”
Thus the District Attorney contends in this case, that the Village Court of Baldwinsville being a local criminal court, has the power to issue a warrant to be executed anywhere in the county (CPL 690.20, subd. 2) without regard to where' the underlying crime is alleged to have been committed.
The question before the court therefore is: Has the CPL by way of subdivision 1 of section 690.05 and subdivision 2 of section 690.20 given local criminal courts power to issue a search warrant simply because it is a local criminal court or is this power restricted to cases over which it has jurisdiction as provided in sections 2001 (subd. [1], [2]) and 2005 of the UJCA and CPL 20.50.
It is interesting to note that the commentary at subdivision 1 of CPL 690.05 in Book 11A of McKinney’s Consolidated Laws of New York states in part that the authority given to any local criminal court in this section, “ substantially conforms to the former law, which accorded such authority to any ‘ judge, justice or magistrate of a court of criminal jurisdiction ’ ” (CPL 791). However, experience has shown the language of the code was limited by the application of section 2005 of the UJCA, in that a particular court must first have jurisdiction over a criminal matter in order to exercise power to issue a warrant.
As in the several cases cited earlier (Abdo, Niven, Stinson) section 2005 of. the UJCA cannot be ignored in light of its clear *931 language. Under these eases the determination of what courts had jurisdiction of various crimes was quite restrictive (see former § 2001), in that jurisdiction usually arose only where a crime was committed at any place within the municipality; thus after having established that fact, then and only then pursuant to section 2005 could a warrant issue.
Although the language of section 2001 has been changed in order to incorporate the jurisdictional sections (art. 20) of the CPL, which were not contained in the former code, and which have broadened the definitions of jurisdiction as it relates to specific types of crime, it is still apparent that section 2005 of the UJCA presupposes that any power a Village Court may have to issue process must be exercised only as it relates to a matter over which it has jurisdiction. It is clear from article 20 that a local criminal court may have jurisdiction over a crime which is not specifically committed within its geographical jurisdiction, as was the case under the former Code of Criminal Procedure and UJCA, but this is not to say that the present rules in determining jurisdiction are to be disregarded because of the language of sections 690.05 and 690.20 (subd. 2). Relative to this language of the CPL as it relates to the issuance of search warrants, a leading treatise on the CPL states as follows : “ Prior law had no statutory provisions governing where a search warrant could be executed. Under the CPL, there is some question of whether the court must have geographical jurisdiction over the underlying offense before it may issue the search warrant. Although an arrest warrant may be issued only by the local criminal court in which an accusatory instrument is filed, the CPL contains no jurisdictional requirement for search warrants. There was a conflict in earlier authority over whether the issuing court had to have trial jurisdiction. Failure of the CPL to require the issuing court to have' jurisdiction over the offense apparently does not reflect any consideration of the question on the part of the draftsmen, leaving the matter as much in doubt under the CPL as it was under the Code of Criminal Procedure. The better practice would be to secure a search warrant only from a court of a political subdivision with the geographical limits of which the offense was committed, thereby avoiding suppression of evidence because of an invalid warrant.” (Pitler, ISTew York Criminal Practice under the CPL, § 10.25 pp. 484 — 485.)
Additionally, in support of the proposition that the Legislature had not by enacting subdivision 2 of section 690.20 addressed itself to the jurisdiction of a court over a particular crime as that relates to the issuing of search warrants, we need *932 only look to the practice commentary following subdivision 2 of section 690.20 in Book 11A of McKinney’s Consolidated Laws of New York and subdivision c of .section 1 of article VI of the New York State Constitution. In enacting subdivision 2 of section 690.20 the Legislature was not expanding the jurisdiction of the town, village and city courts to issue process, but merely was enacting legislation, the authority for which had been given to it by subdivision c of section 1 of article VI effective September 1, 1962, which authority the Legislature had failed to exercise under the code. Article VI (§ 1, subd. c) reads in part: “ The legislature may provide! * * * that processes, warrants and other mandates of * * # town, village and city courts outside the City of New York may be served and executed in any part of the county in which such courts are located or in any part of any adjoining county.”
So, the Legislature in enacting subdivision 2 of section 690.20 had apparently not addressed itself to thei jurisdiction of a local criminal court as that relates to the issuance of search warrants. It is interesting to note that although the Code of Criminal Procedure had not contained the above language of the Constitution, the section 2005 of the UJCA contained such language and yet the Fourth Department cases cited earlier still looked first to the court’s jurisdiction over the particular crime before considering its authority to issue process anywhere in the county or an adjoining county.
Therefore, based upon the foregoing, this court is of the opinion that the Village Court of Baldwinsville did not have jurisdiction to issue the instant warrant, in that the Village Court did not have jurisdiction over the instant crime, and that the| property seized pursuant thereto should be suppressed.
As to the remaining contentions of the defendant, I find them to be without merit.
The District Attorney also argues that if the search in question is not valid pursuant to the authority of the warrant, it was justifiable pursuant to the authority of Carroll v. United States (267 U. S. 132) and Chambers v. Maroney (399 U. S. 42), wherein warrantless searches of vehicles or other readily movable objects were sustained where probable cause was present to believe that contraband would be found therein. The District Attorney does not allege any fact other than the fact that the object of the search was a camper trailer.
The holdings in the above-cited cases constitute what is presently called the ‘‘ automobile exception ’ ’ to the Fourth Amendment prohibition against unreasonable search and seizure. However, the court in Chambers (supra, p. 50) states: “ Neither *933 Carroll nor other cases in this Court require or suggest that in every conceivable circumstance the search of an auto even with probable cause may be made without the extra protection for privacy that a warrant affords.”
The court also states (p. 51): “ Only in exigent circumstances will the judgment of the police as to probable cause serve as sufficient authorization for a search. ’ ’
In addition to such language, the Supreme Court in Coolidge v. New Hampshire (403 U. S. 443, 461-462) states: “ The word ‘ automobile is not a talisman in whose presence the Fourth Amendment fades away and disappears. And surely there is nothing in this case to invoke the meaning and purpose of this rule of Carroll v. United States — no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile. In short, by no possible stretch of the legal imagination can this be made into a case where ‘ it is not practicable to secure a warrant. ’ Carroll, supra, at 153.”
Under the facts of this case it is clear that it was not impracticable to secure a warrant; moreover, one was actually applied for and obtained and executed. Therefore, in order to sustain a warrantless search of an automobile or other movable vehicle there must be in addition to the requisite probable cause, the existence of exigent circumstances to make the obtaining of a search warrant impracticable.
In this case there were no exigent circumstances that would have justified a warrantless search, and this court cannot agree; with the District Attorney that this search falls within the purview of the automobile exception as stated in Carroll (supra).