## LEWIS W. GECK *v.* OLIVER L. SHEPHERD.

REPEAL OF STATUTES BY IMPLICATION.—A statute may be repealed without being referred to by a subsequent statute on the same subject, which is wholly irreconcilable with it, and both can not stand together.

SUITS, WHERE TO BE COMMENCED.—The act of January 12, 1853, providing where suits shall be commenced, repeals, by implication, section 24 of the act of July 12, 1851, and all suits must be commenced in the county where the defendant resides, or in the county where the plaintiff resides and the defendant is found, unless the defendant is a non-resident, when the suit may be brought in any county.

PLEA IN ABATEMENT WHERE SUIT BROUGHT IN WRONG COUNTY.—Where a suit is brought against a resident of the territory in a county in which he does not reside, and he is served in another county, this fact may be pleaded in abatement, or the writ may be quashed on motion.

ATTORNEY MAY VERIFY PLEA IN ABATEMENT.—The attorney of a defendant
may swear to a plea in abatement which requires to be sworn to.
MOTION TO QUASH WRIT NEED NOT BE VERIFIED.—A motion to quash the
writ commencing a suit need not be upon oath.

APPEAL from the district court of Socorro county. The
facts appear from the opinion.

*Smith and Wheaton*, for the appellant.

*Baird and Watts*, for the appellee.

By Court, BOONE, J.:

This is an action of trespass and false imprisonment
brought by Lewis W. Geck, the plaintiff below and defend-
ant in error, against Oliver L. Shepherd, the defendant
below and plaintiff in error. The defendant, Oliver L.
Shepherd, is and was at the time of the institution of this
suit, an officer of the United States, stationed at Fort
Defiance, in the county of Bernalillo. The action is for per-
sonal injuries and destruction of personal property belong-
ing to the plaintiff, Lewis W. Geck, a resident of the
county of Doña Ana. The injuries are alleged to have taken
place in the county of Doña Ana, and on the nineteenth of
April, 1854. On the third of November, 1857, the case
was finally submitted to a jury, who found a verdict for the
plaintiff of ten thousand dollars against the defendant. A
remittance was subsequently entered of seven thousand five
hundred dollars, and a judgment entered for two thousand
five hundred dollars.

This trial was had in the county of Socorro, to which
place the venue had been changed. At an early stage of
the proceedings a motion was made by defendant's counsel
to quash the writ or summons, which was overruled, and on
the same day defendant's counsel filed a plea in abatement.
To this plea a demurrer was entered. Demurrer was sus-
tained by the court, and the defendant required to plead.
It is our purpose to confine ourselves to the error assigned
in sustaining this demurrer, for if the court below erred in
this, the judgment below must be reversed. It is alleged
in the petition of plaintiff that he is a resident of the

county of Doña Ana; that the injury complained of occurred in that county, and that the defendant is a resident of the county of Bernalillo. Although but one writ or summons is actually set out on the record, yet from the pleadings, there seem to have been others issued, and service made upon the defendant in the county of Bernalillo. From the copy of the writ furnished, it appears that it was directed to the sheriff of Doña Ana county, commanding him to summon the defendant to be and appear before the judge of the district court, to be holden at the court-house in the town of Las Cruces, in the county of Doña Ana, etc.

This writ is dated the twenty-second day of February, 1855. The sheriff was not authorized or warranted by law to go beyond the limits of this county in the execution of this writ, and on the twelfth of March following, the sheriff returns that the defendant, Oliver L. Shepherd, was not to be found in his county. Whether the defendant was served with another writ differently worded, and directed to the sheriff of Bernalillo county, nowhere appears. It is apparent, however, from the pleadings, that he was served with some writ in the county of Bernalillo. This appears from the motion to quash the writ, the plea in abatement, and the demurrer thereto.

One of the grounds alleged in the motion to quash the writ was, that the defendant could not be served in a different county from the one in which he resided, or in which he was to be found. The plea in abatement is in the following words: "And now comes the defendant, by Hugh N. Smith, and defends, etc., and says that the said plaintiff ought not to further have and maintain his aforesaid action in the said county of Doña Ana, because he says that the defendant, from the time of the commencement of this suit, and from thence hitherto has been, and still is, a resident of the county of Bernalillo, in the said territory of New Mexico, and was not then, and has not been a resident of the county of Doña Ana, nor has he been found in that county, so that process of this court could be served upon him, and this the said defendant is ready to verify. Wherefore he prays

judgment of said action, and that the same may be dismissed and abate."

This plea is sworn to by Hugh · N. Smith, attorney, on the eleventh day of June, 1856. In order to determine the question now under consideration, it is necessary to cite the different acts of the territorial legislature, as to where suits can be brought and where process can be served upon the defendant. The first act in relation to the matter is found in the Kearny code, pamp. 82, and in the Revised Code, p. 170. It is an act regulating practice in civil cases, and was passed on the twenty-second of September, 1846. The first section declares that "all actions brought in the circuit court shall be commenced by petition, which shall contain a plain statement of the names of the parties, the cause of action, and the relief sought." The second section speaks of the filing of the petition and issuing of the citation to the opposite party. The third section directs, that the citation, when issued, shall be indorsed upon or annexed to the petition, etc. The fourth section is in these words: "Suits instituted by citation, shall be brought in the county in which the defendant resides, or in which the plaintiff resides and the defendant may be found. In cases where the defendant is [not] a resident of this territory, such suit may be commenced in any county."

These laws are printed in Spanish as well as in English, one leaf occupied with Spanish and the other with English. In the English, which we have cited, the word "not" in the last line but one, is omitted, evidently by mistake, for it is found in the Spanish, in the same section. The omission would render the sentence unmeaning, and therefore we have added the word in the section referred to.

On the twelfth of July, 1851, another act was passed regulating the practice in civil cases: Rev. Code, 174. The twenty-fourth section of this act is as follows: "Every person shall be sued in the county in which he lives, except in the following cases, that is to say:

"1. A married woman when liable to be sued, shall be sued in the county in which her husband resides.

"2. When a defendant has inherited an estate, concern-

ing which any one may wish to institute a suit, he shall be sued in the county in which the estate is situated.

"3. When a defendant has contracted to perform an obligation in a particular county, he shall be sued in the county in which he has engaged to perform the contract.

"4. When the defendant has committed some crime for which a civil action for damages may be maintained, in such case he may be sued in the county in which the crime was committed or wherever he may be found.

"5. In case the defendant may be a transient person, he may be sued in whatever county he may be found.

"6. When a suit is brought for the recovery of movable property, it shall be brought in whatever county the property may be found.

"7. In cases against guardians, curators, executors, and administrators, the parties may be sued in the county in which any such persons were appointed to any of said trusts, in the county in which the property in controversy may be found, or in the county in which the defendant may live; it being optional with the plaintiff.

"8. In cases of delinquencies or frauds by public officers, they may be sued in the county in which the fraud or delinquency occurred, or in which the defendant may be found.

"9. When lands are the objects of the suit, it should be brought in the county in which the lands are situated.

"10. When two or more persons are liable to be made defendants in the same suit, if it be in the nature of a transitory action, the suit may be brought in the county in which either of the proposed defendants may reside."

On the twelfth of January, 1853, Rev. Code, 104, the following act was passed: It is an act proposing to regulate suits on joint or several contracts, how suits are to be brought against corporations, and the last section speaks as to where suits are to be brought generally. This section is in the following words: "All suits instituted in any of the courts of this territory, shall be brought in the county in which the defendant resides, or in the county in which the plaintiff resides, and the defendant may be found, and in

case the defendant is not a resident of the territory, such suit may be brought in any county."

It will be observed that this last section is almost a literal copy of the act of twenty-second September, 1846, already cited. Instead of the word suit, the word citation is made use of, but by a reference to the previous section it will be perceived that the word citation as there used means the same thing as suit.

It has been strongly contended for on the part of the counsel for the plaintiff, that the act of 1853 does not repeal the twenty-fourth section of the act of 1851, and that the injury charged to have been committed by the defendant, brings him within one of the exceptions contained in that section which declares that when the defendant has committed some crime, for which a civil suit for damages may be maintained, he may be sued in the county in which the crime was committed, or wherever he may be found. Taking it for granted that the charge is of that character, then if the law be as it is contended for by plaintiff's counsel, the suit was properly brought in Doña Ana county, and defendant properly served with process in Bernalillo county, and the demurrer to the plea in abatement was rightfully sustained. If, on the contrary, the twenty-fourth section of the act of 1851 was repealed and abrogated by the act of 1853, as is contended for by the counsel for the defendant, then the demurrer should have been overruled and the suit abated. After some reflection a majority of the court can come to no other conclusion than that it was manifestly the intention of the legislature in passing the act of 1853, to repeal the twenty-fourth section of the act of 1851. We can not perceive what other object the legislature could have had in view in passing that act. If the act of 1851 was a total repeal of the act of 1846, and such seems to have been the intention of the legislature, then the same course of reasoning must bring us to the conclusion that it was intended by the passage of the act of 1853, to repeal the act of 1851, or the twenty-fourth section thereof; because it is evident from the wording of the act of 1851, and the act of 1853, that it was manifestly intended by the leg-

islature upon both occasions, to regulate the whole subject to which . the two acts relate, and that they were not intended as modifications of previous statutes. The section of the act of 1853, is full, distinct, and clear upon the subject as to where suits may be brought; the entire question is fully met, and it is in direct and positive conflict with the act of 1851.

The repeal of a previous act of the legislature by a subsequent one may be done either in express terms or by implication, and where the subsequent act contains provisions contrary to and irreconcilable with the former, the previous act must give way to the latter: 1 Harvey, 10; 2 Bibb, 964; W. C. C. R. 691.

The fact that the legislature in passing .the act of 1853 did not refer to either of the previous acts upon the subject does not embrace the question in the view that the court has taken of it. That body may or may not refer to the previous law, and indicate in express terms the reason for the change; but they are not required to do so, and when, as we have said, a clear and distinct section is enacted, evidently embracing the entire subject, and which is full, explicit, and complete upon the question involved, it repeals all former acts inconsistent therewith, and it is to be construed as if it were the only act upon the subject. The last act must have effect according to its terms and obvious intent, and as both acts of 1851 and 1853 can not have full operation according to their terms and intent, the first, and not the last, must yield. The terms and meaning of the two acts are not *pari materia*, but distinct and wholly at variance. By the act of 1851, it is declared that every person shall be sued in the county in which he lives, except in some ten certain cases enumerated, but in some of those exceptions it is permitted of the plaintiff to institute suit in the county in which he resides, even although the defendant may be found in that county; but the suit must be brought in the county in which the defendant actually lives; and we will admit that if the act of 1853 had merely changed the act of 1851, in this particular, and authorized the plaintiff to institute his suit in the county in which he lives or where the

defendant may be found, there might be some grounds for saying that both acts could stand.

The act of 1853 declares that suit shall be brought by the plaintiff in the county in which he lives, or that defendant may be found. But it also says further, and declares emphatically, "that all suits instituted in any of the courts of this territory shall be brought in the county in which the defendant resides;" and it is a little remarkable, too, that this clause is the first in the section, and would seem to be the principal matter considered by the legislature in passing the law, and was evidently intended to repeal the exceptions contained in the act of 1851, which were, doubtless, regarded as oppressive, and, in fact, in many instances, must have been attended with great hardship. A person residing in Doña Ana county might have sued another living in the extreme upper district, if a train or other personal property, about which there may have been a dispute, should happen to be passing at any time through that county; and so of a married woman, who may be living at one end of the territory, and her husband at the other, and yet she might have been sued in the county in which her husband lived; and so of the other exceptions, all of which are of doubtful expediency, and the legislature, after an experience of two years of those exceptions, repealed them by the passage of the act of 1853. If it were not the intention of the law-makers to repeal those exceptions, why was the first clause of the section inserted, which expressly declares, that all suits shall be brought in the county where the defendant resides or may be found? There must have been some object or intention in introducing and passing the section containing this important clause, and we are of opinion that it was manifestly done with the view of repealing the exceptions. If it has not this effect, the words are utterly nugatory and without object, and a perfect dead letter upon the statute book, and, unless we wish to stultify the legislature, we can not come to any such conclusion.

But it is objected too, that this is a plea in abatement to the jurisdiction of the court, and it was not competent for the attorney of the defendant to make the oath required to

the plea, but that it must be made by the defendant *in propria persona*. It is laid down in Chitty's Pleadings, vol. 1, chapter on pleas in abatement, that the oath may be made either by defendant or a third person. And there is no reason why this should not be so. But there is an act of assembly of this territory regulating this subject: Rev. Code, page 178. It is there declared, that all pleas in abatement, except pleas to the jurisdiction as to the subject-matter, shall be under oath. This, it is true, may be regarded as a plea to the local jurisdiction, and not as to the subject-matter, and may require to be sworn to. But the act does not say that the oath shall be made alone by the party, and as all acts of this kind should be construed liberally, it follows that the oath may be made by a third person. But there is also a motion to quash the writ in this cause, in which the entire subject under consideration, in regard to where suits shall be brought and where defendant may be served with process, was involved, and a motion of this kind is not required to be under oath.

It is the opinion of a majority of this court, that the judgment of the court below be reversed, with costs.