CASE 58—EQUITY—JUNE 7.

# Yeager v. Groves, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Process which does not run in the name of the "Commonwealth of' Kentucky" is void.   (Section 5, article 4, Constitution.)
2. One who holds a lien upon land must accept a tender of the money due· him from the purchaser of his debtor.

CLEMMONS & WILLIS FOR APPELLANT.

1. The process is a continuous direction to the marshal, beginning with a summons and ending with the order of attachment.   It is one instrument.   (Civil Code, sec. 732.)
2. Appellant was not bound to accept the tender of the money by appellee.   It was not the amount due to appellant.   (Ray v. Lawrence, 8. Dana, 81 ; Gen. Stat., 255.)
3. The chancellor erred in adjudging costs against appellant.

RUSSELL & HELM FOR APPELLEE.
No brief for appellee.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

Elisha Bowman owned a tract of land on which the appel-- lant had a lien.    The appellant also had an unsatisfied judgment against Bowman, on which he had a return of *nulla bona.*

September 8, 1876, appellant brought suit in equity to· enforce satisfaction of his judgment, and caused an order· of attachment to issue, which was placed in the hands of the sheriff on that day, and was, on the 12th day of same. month, levied on the land on which his lien existed.

September 26 Bowman conveyed the land to the appellee,. Groves, who paid the consideration in full.

Groves alleged that the deed was made pursuant to an· executory contract for the sale of the land made in Sep-- tember, 1875.    The court below dismissed the petition and. discharged the attachment.

Yeager v. Groves, &c.

We incline to the opinion that no contract was entered into until after the attachment had been placed in the hands of the sheriff. But if, as contended by counsel for Groves, the attachment was void, the error in deciding that he acquired title under the deed and alleged executory contract prior and superior to appellant's attachment did not prejudice the rights of the appellant.

The attachment, as copied into the transcript, reads as follows:

"The marshal is directed to attach and safely keep the property of the defendant, Elisha Bowman, not exempt from execution, sufficient to satisfy plaintiff's claim, not exceeding $130, for debt and probable costs; also to summons the garnishees to answer to the action on the return day hereof, and to make due return thereof.

"S. F. CHIPLEY, Clerk.

"SEPT. 8, '76."

The Constitution, section 5, article 4, provides that "the style of all process shall be the Commonwealth of Kentucky."

Judicial process is but the command of the sovereign by whose authority the tribunal out of which it issues was established, commanding the person or officer to whom it is directed, or who is authorized to execute it, to do certain acts therein specified, and it is therefore appropriate that such process shall run in the name of the government. But whether appropriate or necessary or not, the Constitution requires it, and what that instrument requires should be done without hesitation or inquiry into the question whether, abstractly considered, the thing required is essential or not.

The clerk of a court has no power to command either officers or private persons. His only authority is to issue

the command of the Commonwealth in those cases in which he has been authorized to use the name of the Common-wealth.

He is the mere agent of government, with authority to act for it and in its name in issuing judicial process, and he has no more authority to issue such process in his own name than a private person has.

That process so issued is void is well established by judicial authority.    (Galbreath v. Kuykendall, 1 Ark., 50; Estill v. Bailey, Ib., 131; Woolford v. Dugan, 2 Ib., 131; Ferris v. Crow, 5 Gilman, 96; Leighton v. Hall, 31 Ills., 108; Hutchins v. Edson, 1 N. H. Reports, 139.)

In Little v. Little (5 Mo., 229), the supreme court of Missouri not only held that a writ which did not run in the name of Commonwealth was void, but that the defect could not be cured by appearance.

We should hesitate to concur in the latter conclusion of that learned court, but cite the case as supporting the conclusion we have reached on the first point decided.

It is contended, however, that the attachment in this case was indorsed on the summons which ran in the name of the Commonwealth, and that the summons and attachment should be regarded as one process.

The summons is not copied, and there is nothing in the record to show that the attachment was indorsed on it.    All that appears in reference to a summons is, that "on the eighth day of September, 1876, summons, att., and copy issued on petition from the clerk's office of the Louisville chancery court, directed to the marshal, which attachment is as follows," and then follows a copy of the attachment already copied in full into this opinion.   We therefore refrain

from expressing any opinion upon the question whether, if it appeared that the attachment was indorsed on a summons which ran in the name of the Commonwealth, the attachment would be valid.

Without meaning to intimate an opinion as to the effect of the abbreviation of the date, "Sept. 8, '76," upon the regularity of the attachment, we remark that such looseness in the drafting of legal process is not to be encouraged. The usual formality should be preserved in all legal papers, and especially in process issued out of the superior courts.

The appellant sought, by amended petition in the action, to enforce his pre-existing lien. The appellee, Groves, pleaded a tender of the amount of the lien before the amended petition was filed, and brought the amount, with interest to the date of the tender, into court.

The court, on hearing, held the tender good, and dismissed the petition and amended petition, with costs, and permitted Groves to withdraw from the fund in court his taxed costs in the action.

Of this the appellant complains, first, on the ground that Bowman, and not Groves, was his debtor, and he was not bound to accept payment from the latter; and second, that the court had no authority in this summary way to order the costs of Groves to be paid.

Before the tender was made the land had been conveyed to Groves, and that fact was known to the appellant. Groves had a right to remove the lien from his land by paying the debt, and consequently it was appellant's duty to accept payment from him.

The money was in court in the action, and we perceive no reason why the court might not properly end the whole

matter by allowing Groves to withdraw the amount of his. costs.

Wherefore, the judgment is affirmed.

To a petition for rehearing—

JUDGE COFER DELIVERED THE RESPONSE OF THE COURT.

This court decided in Christopher v. Searcy (12 Bush, 171), that a rehearing would not be granted in order to enable the parties to perfect the transcript, and the same thing has been decided in numerous unreported cases.

Petition overruled.