**708**

Ronald Eugene SMITH, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 18, 1974.

Joseph S. Freeland, Paducah, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

A McCracken Circuit Court jury found Ronald Smith guilty of the offense of possessing dangerous drugs for sale and imposed a penalty of two years' imprisonment.

Smith contends on appeal that the trial court should have sustained his motion to quash the search warrant pursuant to which the drugs were discovered.

The search warrant in question is not styled "Commonwealth of Kentucky," and the question is whether or not a search warrant is "process" within the meaning of Section 123 of the Constitution of Kentucky, which reads:

"The style of process shall be, 'The Commonwealth of Kentucky.' All prosecutions shall be carried on in the name and by the authority of the 'Commonwealth of Kentucky,' and conclude against the peace and dignity of the same."

The form of the questioned search warrant is as follows:

"IN THE McCRACKEN QUARTER-LY COURT OF McCRACKEN COUNTY, KENTUCKY

SEARCH WARRANT

To any policeman, sheriff, constable or other peace officer of the Commonwealth of Kentucky:"

The body of the instrument contains the command to make the search of the described premises, it describes the property subject of the search, and gives directions to bring the property before the court, and the instrument is signed by the county judge.

This is a matter of first impression since we have not found a Kentucky case defining search warrants.

The case of Yaeger v. Groves, 78 Ky. 278 (1879), provides a definition of "judicial process" which seems appropriate to the question presented here:

"Judicial process is but the command of the sovereign by whose authority the tribunal out of which it issues was established, commanding the person or officer to whom it is directed, or who is authorized to execute it, to do certain acts therein specified, and it is therefore appropriate that such process shall run in the name of the government. But whether appropriate or necessary or not, the Constitution requires it, and what that instrument requires should be done without hesitation or inquiry into the question whether abstractly considered, the thing required is essential or not."

The process in that case was an attachment and was held to be void because it did not run in the name of the Commonwealth of Kentucky.

At the time that case was decided, the Constitution of 1850 was in effect. Section 5, Article 4, provided that "[t]he style of *all* process shall be the 'Commonwealth of Kentucky.'"

The present Constitution is different only in that "all" has been deleted. However, we cannot see that the meaning of the constitutional requirement is any different.

We conclude that a search warrant is "process" within the meaning of Section 123 of the Constitution, and the failure to style the search warrant "the Commonwealth of Kentucky" renders it void.

The judgment is reversed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur except OSBORNE, C. J.