**Armon Allen KEENE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1974.

Andrew B. Dennison, Cincinnati, Ohio, Bruce D. Prizant, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Robert V. Bullock, Asst. Deputy Atty. Gen., Frankfort, for appellee.

REED, Justice.

Appellant, Armon Allen Keene, assistant manager of a motion picture theater in Louisville, Kentucky, was convicted by a jury of exhibiting an obscene motion picture in violation of KRS 436.101. The jury fixed his punishment at confinement in the county jail for six months and a $1,000 fine. Keene bases his appeal upon several points of error. We find it necessary to reverse the judgment solely because the instructions given the jury were prejudicially erroneous. Since Keene must be retried, it is necessary that we dispose of his points concerning the admissibility of the film which was seized, the construction of our obscenity statute as it relates to recent pronouncements by the Supreme Court of the United States, and interpretation of the admissibility and relevance of expert testimony by the defense in the obscenity prosecutions in this state.

Keene claims that he was entitled to the suppression of evidence in the form of the film which was seized. The search warrant was issued, the indictment returned, and the trial completed in 1973. The search warrant was styled "Jefferson Circuit Court." In January 1974, after the circuit court's judgment was rendered in this case, this court decided Smith v. Commonwealth, Ky., 504 S.W.2d 708 (1974), in which we held that a search warrant was "process" within the meaning of section 123 of the Constitution of Kentucky, and that failure to style a search warrant "The Commonwealth of Kentucky" rendered it "void." Our opinion recited: "This is a matter of first impression since we have not found a Kentucky case defining search warrants." Although a supportable argument might be made that the Smith case should be re-examined or should not be afforded retroactive application, we deem it unnecessary to explore those avenues in this case.

In Crecelius v. Commonwealth, Ky., 502 S.W.2d 89 (1973), we examined the problem of seizure of a publicly displayed motion picture, which was allegedly obscene. In that opinion we pointed out that the seizure of the film as evidence could be effected only by a "constitutionally sufficient warrant" and with protective provisions required by the United States Supreme Court grounded on the federal constitutional guarantees of freedom of expression and the settled federal policy against prior restraint of expression. In Crecelius we re-

marked that if the film had been regarded as falling into the same category as the papers or records of an individual, its production could have been ordered under the circumstances by a properly authorized subpoena so far as the requirements of the Fourth Amendment of the United States Constitution have been generally applied.

The Supreme Court of the United States, however, in Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973), which we followed in Crecelius, extended the standard of reasonableness expressed in the Fourth Amendment to the seizures of publicly exhibited motion picture films. In substance the question in this case is whether the seizure of the film was "reasonable" within the Fourth Amendment, taking into account as required by Roaden, that the First Amendment's guarantees of freedom of expression are present.

In this case the same procedure was followed as was approved in Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973). A neutral magistrate viewed a public showing of the film and then issued written authority to a police officer to seize the film as evidence of a violation of the obscenity statute. No claim of prior restraint is made. No claim of failure to provide a prior adversary hearing where the existence of obscenity could be determined is presented. No oppressive police conduct is hinted and no intrusion of privacy could possibly be involved.

■ While conceding the insufficiency of the language describing the issuing authority in the document used by the officer as evidence of his right to seize the film, we find a complete absence of a single element which inheres in the policy considerations that are generally advanced to support the so-called "exclusionary rule" in search and seizure cases. See Trends in Legal Commentary on the Exclusionary Rule, 65 Journal of Criminal Law & Criminology, 373–382 (1974).

■ Appellant argues that the neutral magistrate who viewed the film "failed to focus searchingly upon the issue of claimed obscenity." We have viewed the film; we find that this film is hard core pornography and doubtless would have been held so in any forum in this Nation, past or present.[1] Even those persuaded that the mandate of the First Amendment constitutes an immutable command against the suppression of any material, in our view, would be forced to admit that this film constitutes hard core pornography and would be protectable only because hard core pornography is as protected as any other expression. That the First Amendment is not such an absolute command has been recently declared by a majority of the Supreme Court of the United States in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). This view is explicitly reinforced and emphasized by the recent decision in Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

We find that the circumstances under which the prosecution procured the film as evidence establish reasonable conduct on the part of the government authorities. The film was properly admitted as evidence.

■ The second point of claimed error is that our obscenity statute, KRS 436.101, is vague and overbroad and that it does not specifically define the depiction of sexual conduct as required by the majority opinion in Miller. Appellant also asserts

---

1. The film is titled "Sophie Said No." It consists of actual scenes in repetitive detail of heterosexual masturbation, fellatio, and intercourse with the camera focused on the genitals. It includes repeated scenes of ejaculation by the male partner upon the face of the female fellator. The "story line" appears to be that a successful commercial venture could consist of the collection and sale of seminal fluid as a cosmetic for women's facial complexions.

that our construction of the statute in Hall v. Commonwealth ex rel. Schroering, Ky., 505 S.W.2d 166 (1974), wherein we judicially construed our statute as consistent with the explications in Miller, was not announced until after his arrest and conviction and that to hold this judicial construction of our statute applicable would offend the principle against ex post facto effect of criminal sanctions. The hard core pornography with which we are here concerned has consistently been held by this court to constitute obscene material within the proscription of the statute prior to our decision in Hall.[2] The same argument made by the appellant here was rejected by the Supreme Court in Hamling v. United States, supra.

■ Appellant complains that the trial judge denied him the right to introduce expert evidence concerning the issue of community standards. We are in no position to adequately dispose of the contention because no avowal was made of the content of the testimony. The trial judge "has wide discretion in [the] determination to admit and exclude evidence, and this is particularly true in the case of expert testimony." Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 2903, 41 L.Ed.2d 590, 615 (1974). Since the case must be retried, we express our view that appellant is entitled to introduce expert testimony if it is "appropriate" within the guidelines of *Hamling* and subject, of course, to the reasonable discretion of the trial judge.

■■ Appellant asserts that prejudicial error was committed in the instructions given to the jury. We are forced to agree. KRS 436.101 provides in pertinent part: "Any person who, having knowledge of the obscenity thereof . . . exhibits . . . any obscene matter is punishable." The trial judge failed to instruct on the required element of knowledge, which is an essential part of the statutorily created offense. 23A C.J.S. Criminal Law §

1194. The error was properly preserved for review. The instructions were otherwise acceptable against a claim of prejudicial error. For the omission of an element of the crime from the instructions, the judgment must regrettably be reversed for a new trial. On a new trial the jury will be instructed as our statute plainly requires that they must believe that the defendant "had knowledge of the obscenity of the film."

The judgment is reversed for a new trial.

All concur.

---

2. See Smith v. Commonwealth, Ky., 465 S.W.2d 918 (1971), and the Kentucky cases cited therein.