VIDEO VILLAGE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 91–CA–154–DG.

Court of Appeals of Kentucky.

Feb. 21, 1992.

Wilbur M. Zevely, Busald Funk Zevely, P.S.C., Florence, for appellant.

Chris Gorman, Atty. Gen., Frankfort, John A. Fortner, Asst. Kenton Co. Atty., Covington, H. Henry Kramer, Asst. Kenton Co. Atty., Ft. Mitchell, for appellee.

Before HOWERTON, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

This appeal is before us on discretionary review from the criminal conviction of the appellant, Video Village, Inc., for distributing obscene material under KRS 531.020. A fine of $10,000 was imposed upon the appellant by the Kenton District Court. The Kenton Circuit Court affirmed. We, however, must reverse.

The instant case centered on the question whether the two films, "The Slut" and "Black Moon Rising," were obscene. The only witness to testify for the Commonwealth was Detective Rick Brockwell. It was stipulated that Detective Brockwell rented the tapes from Video Village. After the testimony of Detective Brockwell, the two movies were then shown to the jury. The Commonwealth rested. The appellant introduced limited testimony through Alan Webster, the regional director of Video Village.

The appellant first asserts that the trial court erred in not allowing the testimony of Dr. Judith Siefer, a sex therapist concerning contemporary community standards and the scientific value of the video tapes. The trial court was correct in its conclusion that the prosecution is not required to introduce expert testimony to prove that the video tapes are obscene. *Paris Adult Theater I v. Slaton*, 413 U.S. 49, 37 L.Ed.2d 446, 93 S.Ct. 2628 (1973). Yet, such conclusion does not preclude the defendant from being entitled to introduce appropriate expert testimony on his own behalf at trial. *Keene v. Commonwealth*, Ky., 516 S.W.2d 852, 855 (1974), [In Dicta]; *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 2903, 41 L.Ed.2d 590 (1974); and *Kaplan v. California*, 413 U.S. 115, 93 S.Ct. 2680, 2685, 37 L.Ed.2d 492 (1973). The trial court is vested with wide discretion in determining to admit or exclude expert testimony. *Keene, supra,* and *Hamling, supra.* In the instant case the trial court abused its discretion in not allowing any expert testimony. The appellant has shown on avowal that Dr. Judy

Siefer was qualified as an expert to testify as to her opinion concerning the scientific value of the video tapes in question. The trial court on remand should consider the additional question of whether Dr. Siefer is qualified to testify as to the community standards of Kenton County.[1]

■■■ The appellant next contends that the trial court erred in excluding statistical evidence of the number of adult video rentals from the same store. During a 30–month period, 79,994 adult movies were rented, equal to approximately 2633 video rentals per month. The statistical evidence was derived from business records of Video Village. We agree with the trial court that statistics concerning the specific videos in question are admissible because of its relevant and probative value. See *Keller v. State of Texas,* Tx., 606 S.W.2d 931 (1980), and *United States v. Pryba,* 678 F.Supp. 1225 (E.D.Va.1988), adopted in *United States v. Pryba,* 900 F.2d 748 (4th Cir.1990) (considering the question of whether a public opinion poll is admissible). The appellant however sought to include statistics concerning the entire listing of adult movies. On remand the trial court will have to determine if the statistical compilation is relevant based upon the following criteria: (1) whether or not the statistical data refers to material that is closely akin to the videotapes in question and (2) whether the assembled document goes to show that the charged materials are acceptable in the locality. *United States v. Pryba, supra.*

The opinion of the Kenton Circuit Court is reversed. The Kenton Circuit is respectfully directed to enter an order granting the appellant a new trial upon remand to the Kenton District Court.

All concur.

---

1. The Court notes that Dr. Seifer's credentials as a sex therapist do not automatically qualify her as an expert on the community standards of Kenton County. It is evident that the appellant will have to overcome the reality that Dr. Seifer's office is some 47 miles from Covington and her residence is near Dayton, Ohio. In this regard, the expert's competency comes under scrutiny. *C.f. Island Creek Coal Co. v. Rogers,* Ky.App., 644 S.W.2d 339 at 344, 346 (1983).