This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 32,966

**JOSE ACEVEDO,**

Defendant,

and

**JOE RUIZ, AA FAST ACTION BAIL BONDS, and AMERICAN SURETY,**

Surety-Appellants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

AA Fast Action Bail Bonds
Joe Ruiz

Las Cruces, NM

Pro Se Appellant

Martin, Dugan & Martin
Mark A. Horton
Carlsbad, NM

for Surety-Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

**{1}** Appellants Joe Ruiz, AA Fast Action Bail Bonds, and American Surety (Surety) appeal from the district court's judgment on bond forfeiture. Our notice proposed to affirm, and Surety filed a memorandum in opposition. Unpersuaded by Surety's arguments, we affirm.

**{2}** For a framework of our analysis, we consider the following. On July 29, 2009, Jose Acevedo (Defendant) was convicted of one count each of first-degree felony kidnaping and third-degree felony criminal sexual penetration, and two counts of misdemeanor criminal sexual contact. [RP Vol.1/108, 140-21, 22; DS 4] On July 29, 2009, the district court entered its order setting bond [RP Vol.1/115] in the amount of $80,000. In relevant part, the order setting bond required that Defendant was "not to leave Doña Ana County, New Mexico" and that the "[t]erms and conditions of release shall be as outlined in the Order Setting Conditions of Release and Appearance Bond

or Bail Bond." [RP Vol.1/116] Consistent with the order setting bond, on July 30, 2009, Surety posted bond for Defendant in the amount of $80,000 and, as a condition of the bond, required that Defendant not depart the State of New Mexico. [RP Vol.1/152-53] As also contemplated by the order setting bond, the district court entered an order setting conditions of release on August 3, 2009, providing that Defendant be released on bail in the amount of $80,000, upon the posting of the required bail bond, [RP Vol.1/150, 151] and Defendant agreed to appear before the court as ordered. [RP Vol.1/150] The next day, on August 4, 2009, Defendant filed a motion to permit him to travel to California, [RP Vol.1/154; DS 6] but the motion was never expressly ruled upon by the district court. [DS 7] Defendant subsequently did not appear for a scheduled November 2, 2009, sentencing hearing [RP Vol.1/169; DS 8] and, after the district court entered two orders staying the forfeiture of the bond to allow Surety additional time to apprehend Defendant, [RP Vol.1/192, 206] the district court entered the judgment of bond forfeiture from which Surety now appeals. [RP Vol.2/277]

{3} Surety continues to argue that the district court abused its discretion when it allowed Defendant to be released on bond pending sentencing in light of his conviction for a violent offense—first-degree kidnaping—and that the bond agreement should have been declared unenforceable. [DS 11-12; RP Vol.2/255-56, 260, 263; MIO 2, 8]

3

**{4}** Applicable is Rule 5-402(B) NMRA (release pending sentencing), which provides:

> A person released pending or during trial may continue on release pending the imposition of sentence under the same terms and conditions as previously imposed, unless the surety has been released or the court has determined that other terms and conditions or termination of release are necessary to assure:
>
> > (1) that such person will not flee the jurisdiction of the court;
> > (2) that his conduct will not obstruct the orderly administration of justice; or
> > (3) that the person does not pose a danger to any other person or to the community.

As discussed in our notice, Rule 5-402(B) does not prohibit a defendant's release pending sentencing, but instead specifically contemplates the possibility of release under the same terms and conditions as previously imposed with no limitation on release for defendants convicted of violent felony offenses. Surety, however, refers to NMSA 1978, Section 31-11-1 (1988) (providing limitations on release for defendants convicted of violent felony offenses *pending appeal*) and urges this Court to read similar limitations into Rule 5-402(B). [MIO 4-5] Given the unambiguous language of the rule, we decline to do so. *See, e.g.*, *State v. Gutierrez*, 1985-NMCA-034, ¶ 12, 102 N.M. 726, 699 P.2d 1078 (providing that we will not read language into a statute that is not there when it makes sense as written); *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158 ("We apply the same rules of construction to procedural rules adopted by the Supreme Court as we do to statutes.").

4

We acknowledge Surety's emphasis that the facts of *Gutierrez* are distinguishable from the facts of the present case. [MIO 3] We rely on *Gutierrez* and *Miller*, however, not for comparison of the circumstances of those cases and the present case, but instead for the established proposition that we do not read language into a rule that is clear and unambiguous.

{5} We further disagree with Surety's argument that the district court failed to adequately consider conditions of release to reasonably assure Defendant's appearance. [MIO 5-6] The initial July 29 order setting bond specifically provides that the district court considered enumerated factors for conditions of release consistent with those contemplated by Rule 5-401(C), [RP Vol.1/115; MIO 5] and the August 3 order setting conditions of release entered pursuant to the July 29 order does not change this consideration, [RP Vol.1/150] but instead simply provides the conditions of release as contemplated by the July 29 order. Moreover, Rule 5-402(B) specifically provides that "[a] person released pending or during trial may continue on release pending the imposition of the sentence under the same terms and conditions as previously imposed *unless* the surety has been released, or the court has determined that other terms and conditions or termination of release are necessary." (Emphasis added.) While the original surety may have been released, [MIO 6] Surety was not, and instead elected to post bond for Defendant during the relevant time period. [RP Vol.1/148, 152,153]

5

**{6}** We also disagree with Surety's assertion that the district court's August 3 order setting conditions of release allowed Defendant to leave the jurisdiction. [MIO 6-7, 8] As noted above, the initial July 29 order setting bond included, as a specific condition of release, Defendant not leave Doña Ana County, [RP Vol.1/116] and further provided that the remaining terms and conditions of release would be outlined in an order setting conditions of release. [RP Vol.1/116] Consistent with this, the district court entered its August 3 order setting conditions of release. [RP Vol.1/116] Nothing in this August 3 order changes the July 29 conditions of release that prohibited Defendant from leaving the jurisdiction. Further, although Surety asserts that the district court, after Surety posted bond for Defendant, allowed him to go to California, [MIO 8] our review of the record shows otherwise. Instead, as noted above, while Defendant filed a motion requesting that he be permitted to travel to California, [RP Vol.1/154] the district court never ruled on this motion and thus did not grant Defendant's request.

**{7}** Lastly, we note that Surety's arguments in response to our notice relate to its continued central argument that the district court erred in releasing Defendant on bail, even though Surety posted bond on behalf of Defendant and guaranteed his appearance. Surety does not, however, continue to argue that the district court gave "improper notice of hearing on [the order to show cause]" [DS 13] or that the

judgment on bond forfeiture should be vacated on constitutional grounds.  [DS 13] For the same reasons provided in our notice, we are not persuaded by such arguments.

**CONCLUSION**

{8}     For the reasons set forth herein and in our notice, we affirm.

{9}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**

7