This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,329**

**ALBERTO LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

For Appellee

Templeman and Crutchfield
Barry C. Crutchfield
Lovington, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Defendant appeals his convictions for trafficking methamphetamine and possession of drug paraphernalia. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support his convictions for trafficking methamphetamine and possession of drug paraphernalia. "In reviewing the sufficiency of the evidence in a criminal case, we must determine whether substantial evidence, either direct or circumstantial, exists to support a verdict of guilty beyond a reasonable doubt for every essential element of the crime at issue." *State v. Rael-Gallegos*, 2013-NMCA-092, ¶ 8, 308 P.3d 1016, *cert. denied*, 2013-NMCERT-009, 311 P.3d 452 (internal quotation marks and citation omitted). "Resolving all conflicts, indulging all permissible inferences to uphold the conviction, and disregarding all evidence and inference to the contrary, [we view the] evidence in the light most favorable to the verdict to ensure that a rational jury could have found each element of the crime established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[I]t is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters." *Id.* (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124

N.M. 346, 950 P.2d 789. *See generally State v. Nevarez*, 2010-NMCA-049, ¶ 9, 148 N.M. 820, 242 P.3d 387 ("[T]his Court will not re-weigh the credibility of the witnesses at trial or substitute its determination of the facts for that of the jury as long as there is sufficient evidence to support the verdict.").

{3} In order to convict Defendant on the trafficking charge, the evidence had to show that Defendant knowingly transferred methamphetamine to another. [RP 75] In order to convict Defendant on the drug paraphernalia charge, the evidence had to show that Defendant unlawfully possessed drug paraphernalia, with the intent to use it. [RP 76] Because the facts as they were set forth in the docketing statement are more detailed than those in the memorandum in opposition, we continue to rely on them here. Specifically, Officer Jason Herrera was dispatched to a casino to investigate possible drug dealing. [DS 2] Officer Herrera reviewed a surveillance video of the suspected drug dealing, and Defendant was arrested and his vehicle seized thereafter. [DS 2] A subsequent search of the vehicle revealed a canvas bag in the console of the vehicle, containing .13 grams of methamphetamine, a glass pipe, and $250.00 in cash. [DS 2-3]

{4} Defendant continues to maintain that the video of Defendant and another man in the vehicle requires speculation with respect to whether any methamphetamine had been exchanged, particularly in light of the fact that the police never contacted the other individual to confirm their interpretation of events. [DS 3] However, the details of the video did not require unsupported speculation, but instead permitted reasonable,

3

logical inferences that support the convictions. Specifically, Defendant was shown reaching under the dash in his car and transferring something to the other individual. [RP 98] This was the area of the car where large amounts of methamphetamine, baggies, scales, and money were subsequently discovered. [RP 101] Prior to transferring the item to the other individual, Defendant made movements that were consistent with someone who was weighing and packaging methamphetamine. [RP 101] The individual then went over to his car, sat down, and folded up what clearly appeared to be a small baggy and placed it in his pocket. [RP 98] Defendant does not dispute that Officer Herrera testified consistent with his initial observations of the video, where he stated that he observed Defendant transfer a baggie to the other individual, and that he knew from his experience and training that the baggie was the type used in methamphetamine distribution. [RP 34] Contrary to Defendant's characterization of this testimony as speculation, we believe that it must be seen in the context of the additional evidence introduced by the State, including the video and the physical evidence described above. Given this evidence, the evidence was sufficient to support the trafficking conviction. *See Rael-Gallegos*, 2013-NMCA-092, ¶ 15 (affirming trafficking conviction based on physical evidence and officer's testimony that based on his training and experience the evidence indicated that the defendant was trafficking). With respect to the paraphernalia charge, in light of the fact that the items were consistent with drug use and found with drugs, the evidence was sufficient to support this conviction as well.

4

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**RODERICK KENNEDY, Chief Judge**


_____
**CYNTHIA A. FRY, Judge**